438 So.2d 1256 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Joseph GUILLORY, Defendant-Appellant.
No. CR83-148.
Court of Appeal of Louisiana, Third Circuit.
October 12, 1983.
*1257 Larry C. Dupuis, Edwards, Stefanski & Barousse, Crowley, for defendant-appellant.
Morgan J. Goudeau, III, Dist. Atty., and Donald Richard, Asst. Dist. Atty., Opelousas, for plaintiff-appellee.
Before GUIDRY, CUTRER and DOUCET, JJ.
DOUCET, Judge.
Defendant, Joseph Guillory, was charged by grand jury indictment with the crime of first degree murder, a violation of LSA-R.S. 14:30. Trial was had on November 10-11, 1982, and defendant was convicted by a jury of second degree murder, a violation of LSA-R.S. 14:30.1, and sentenced on November 22, 1982, to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Defendant now seeks review of his conviction.
FACTS
Defendant Guillory entered the Tip-Top Lounge in Eunice, Louisiana, on January 14, 1982, at approximately 9:00 p.m. Eyewitness testimony varies widely as to the events of the next few minutes; however, all witnesses agree that, after a short time, defendant stopped in the doorway on his way out when he was approached by the victim, Harry Walker. Before Walker could get closer than 5-6 feet from Guillory and the doorway, Guillory fired three shots from a .32 caliber pistol, killing Walker and wounding a bystander. Defendant then left the Tip-Top and was placed in custody a short time later.
Defendant assigns the following errors:
1. The trial court erred in overruling defendant's objection to the District Attorney's leading questions on direct examination, in that their purpose was to negate a plea of self-defense.
2. The trial court erred in overruling defendant's objection to overbroad redirect examination of a witness.
3. The trial court erred in overruling defendant's objection to the district attorney's elicitation of testimony *1258 showing that Miranda warnings were given to defendant three times prior to the time defendant made an inculpatory statement, thus inferring to the jury that other statements may have been taken.
4. The trial court erred in overruling defendant's objection to admission of physical evidence (a weapon, coat and cartridges) since a sufficient chain of custody was not established.
ASSIGNMENT OF ERROR NO. 1
The defendant asserts that the trial court erred in overruling defendant's objection to the district attorney's leading questions on direct examination, in that their purpose was to negate a plea of self-defense.
On Page 17 of the trial record, the following exchange took place on direct examination of a prosecution witness by the district attorney:
Q Did Harry Walker ever close his fist at Joseph Guillory?
A No, sir.
Q Did Harry Walker ever swing a blow at Joseph Guillory?
A No, sir.
Q Did you ever see anybody close his fist at Joseph Guillory that night?
MR. EDWARDS Your Honor, I object to the leading nature, I let him go some, but he continues so I object.
THE COURT The objection is overruled.
Q Did you ever see anyone throw a blow at Joseph Guillory that night?
A No, sir. I didn't
The defense claims that these questions were aimed at defeating a claim of self-defense by the defendant.
The applicable test is enunciated in State v. Prestridge, 399 So.2d 564 (La.1981), at p. 573:
A leading question is one which suggests to the witness the answer he is to deliver; ordinarily, such questions are prohibited when posed to one's own witness unless the witness is hostile or unwilling. La.R.S. 15:277. The purpose of the rule is to guard against the danger that a witness will acquiesce to a false suggestion. State v. Carthan, 377 So.2d 308 (La.1979). Notwithstanding the general rule, a verdict should be disturbed on appeal only where there is a clear abuse by counsel, calculated to prejudice the rights of the accused. State v. Quincy, 363 So.2d 647 (La.1978). In any event, the matter is largely within the discretion of the trial judge; absent a palpable abuse of his discretion, a finding of reversible error is unwarranted. State v. Fallon, 290 So.2d 273 (La.1974).
See also State v. Sneed, 328 So.2d 126 (La. 1976); State v. George, 346 So.2d 694 (La. 1977).
Under the above standard there cannot be said to be a clear abuse of discretion. Had the witness answered any of the four questions in the affirmative, the district attorney would have elicited strong evidence of self-defense by the defendant from the State's own witness. If any answer was "suggested" to the witness, it was an answer unfavorable to the State. Thus, the defendant does not appear to have suffered any prejudice from this line of questioning; hence, the trial judge properly overruled the defense objection.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
Defendant objects to the prosecution's redirect examination of eyewitness Albertha Walker as going beyond the scope of cross-examination. On cross-examination, defendant's counsel asked Albertha Walker where defendant was standing in relation to the door and how he was holding the door. On redirect, the following question was asked by the district attorney:
Q How long was Joseph Guillory at the door before your brother walked up to him?
At this point, counsel for defendant objected.
The scope of redirect examination is outlined by LSA-R.S. 15:281 as follows:

*1259 § 281. Scope of redirect examination
The redirect examination must be confined to the subject matter of the cross-examination and to the explanation of statements elicited on cross-examination; but the application of this rule is within the discretion of the trial judge, provided that the opportunity be not denied to recross on the new matter brought out on the redirect.
It is a well-settled rule that when the defendant is allowed the opportunity for re-cross examination on new subject matter which has been brought out by the State during redirect examination, such re-cross cures any error which may have resulted from the improper redirect. State v. Chapman, 410 So.2d 689 (La.1982). State v. Drew, 360 So.2d 500 (La.1978). In the instant case, the defendant was afforded ample opportunity for re-cross examination on the new subject matter; therefore, any error by the trial court was cured. Moreover, once testimony was elicited by defendant regarding the circumstances surrounding the last moments before the fatal shots were fired, then questioning on redirect examination should be allowed as to the timing of the relevant acts. The defense questions on redirect examination were aimed at determining defendant's position while he was standing in the doorway; this figuratively opened the door for the State, on redirect examination, to ascertain how long defendant stood in the doorway. Thus, the State's redirect examination was within the proper ambit of "the subject matter of cross-examination."
For these reasons this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3
Defendant asserts that the trial court erred in allowing into evidence the testimony of police officers that the defendant was read his Miranda warnings on three separate occasions; however, subsequent to the initial two occasions, the defendant did not give a statement. He contends that this evidence was irrelevant and prejudicial to his case since the jury could have drawn an inference that, on those occasions, statements were given by defendant which were excluded from the evidence and thus unavailable to the jury.
LSA-R.S. 15:451 states:
§ 451. Condition precedent to use of confession; free and voluntary rule
Before what purposes1 to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises.
LSA-R.S. 15:441 states:
§ 441. Relevant evidence defined; facts admissible
Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
The State argues that the testimony reflecting these repetitive Miranda warnings was relevant to show that, once defendant did make a statement, he did so with full understanding of his rights. The State bears a heavy burden of proof to demonstrate that a confession is given in a free and voluntary manner. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Lindsey, 404 So.2d 466 (La.1981). Since this evidence was relevant to this burden of proof imposed upon the State, its admissibility should not be defeated by a possibility of prejudice where the basis of such a possibility is innuendo of excluded evidence which is not evident from the record.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 4
Defendant assigns as error the trial court's overruling an objection to the insufficiency of the "chain of evidence" established with relation to certain physical evidence, to wit: a weapon, coat, and cartridges.
LSA-C.Cr.P. art. 773 states in part:
Art. 773. Order of evidence
Neither the state nor the defendant can be controlled by the court as to the order in which evidence shall be adduced; but when the evidence requires a foundation *1260 for its admission, the foundation must be laid before the evidence is admissible.
Admission of physical evidence requires that such a foundation be laid, either by positive identification by a witness or through establishment of a "chain of custody." State v. Drew, 360 So.2d 500 (La. 1978); State v. Paster, 373 So.2d 170 (La. 1979).
However, a continuous chain of custody need not be established if the evidence as a whole establishes that it is more probable than not that the object introduced is the same as the object originally seized by the police officers. State v. McCabe, 420 So.2d 955 (La.1982). Moreover, any defect in the chain of custody goes to the weight of the evidence rather than to admissibility. State v. Sam, 412 So.2d 1082 (La.1982).
In the instant case, the State adduced a plethora of testimony relating to the chain of custody. As to the weapon, the testimony in the trial record reflects that Officer Fusilier saw defendant throw it into a ditch, Officer Bishop retrieved the gun from the ditch, Detective Brickley, custodian of evidence for the Eunice Police Department, took the gun from Bishop, tagged it and sealed it up. Officer Manuel then transported the gun to Acadiana Criminalistics Laboratory, where it was received by Mr. Epstein, a forensic specialist, who examined it and sealed it in an envelope. The envelope remained unopened until Epstein opened it at trial.
As for defendant's coat, the testimony in the trial record reflects that Officer Gaunt retrieved it from the defendant and released it to Brickley, who placed it in the Eunice Police Department locked evidence room. As for the spent cartridge retrieved from the victim's body, Officer Moody received it from the hospital and delivered it to Brickley who locked it in the evidence room along with the coat. Epstein's secretary, Ms. Myers, received these two items at the Acadiana Laboratory, where they were analyzed before being sent back to Brickley and to the trial.
In view of the extensive testimony evident in the trial record on the issue of the "chain of custody" of these items, defendant's objections were properly overruled. Even assuming that this chain of custody was not complete in every minute detail, it may nevertheless be said that sufficient evidence was available to support a finding by the trier of fact that, more probable than not, the objects introduced into evidence were the same as those originally seized by the Eunice police officers. Thus any defect must go to the weight of the evidence rather than to admissibility, and the trial court judge's ruling as to admissibility is therefore affirmed.
For the reasons assigned hereinabove, the appellant's conviction and sentence are affirmed.
AFFIRMED.