STOKER, Judge.
Defendant, Maverick Harmon, appeals from his conviction of second degree murder for the shooting of Michael George *266 Blackwell for which he was sentenced to a mandatory term of life imprisonment. We affirm.
PACTS
On March 26, 1982, around 10:30 in the evening, the defendant and the victim became involved in a fight outside of Fran's Lounge in Lafayette, Louisiana. According to defendant, the victim approached him and made some derogatory remarks. Words were exchanged and a witness testified that the victim began to “push on” the defendant. The defendant, in a voluntary statement to the police, claimed that the victim made a “pocket-play” in which the victim raised his coat and exposed a pouch which was later determined to contain a knife.
A fight broke out between the defendant and the victim during which the defendant managed to draw the handgun he was carrying. Defendant claims that when he tried to hit thé victim with his gun it accidentally discharged, but that bullet did not strike the victim. According to eyewitnesses, the victim backed away from the defendant after the gun discharged and was on his knees before the defendant with his arms raised and his head turned away. At that point the defendant aimed and fired. The bullet entered the back of the victim’s head and the victim fell straight backward. The defendant fired again into the victim’s chest. The defendant claims that when he fired the first shot which hit the victim, the victim was approaching him and he, the defendant, was backing up.
By a unanimous vote, the jury found the defendant guilty of second degree murder. He makes the following assignments of error on appeal:
1. The trial court erred in refusing to allow questioning about the dangerous character and criminal record of the victim.
2. The trial court erred in allowing into evidence bullet fragments which were not properly identified.
3.The trial court erred in giving the jury an instruction on the Aggressor Doctrine.
ASSIGNMENT NUMBER ONE
By this assignment, the defendant argues that the trial court erred in not permitting the victim’s brother, Ronald George, to answer the question, “Had your brother ever been convicted of a crime?” Mr. George testified for the prosecution that he removed the victim’s knife from the closed pouch on the victim’s belt after the shooting. The defendant argues that the question regarding the victim’s prior criminal record is relevant to show this particular witness was biased and, by removing the knife, was trying to conceal that his brother had a bad reputation. Mr. George’s motive in removing the knife from his brother’s body is not important. It is clear that at the time of the shooting, the victim had a pouch containing a knife attached to the belt he was wearing.
Defendant also asserts that evidence of the victim’s criminal record would show a propensity toward violence and is necessary and admissible to show the defendant’s state of mind at the time of the shooting. Evidence of the dangerous character of the victim is not admissible unless there is evidence of a hostile demonstration or of an overt act on his part against the accused. LSA-R.S. 15:482. At the time the question was asked, the only evidence in the record of an overt act was the defendant’s statement in which he claimed that the victim exposed his knife pouch and began the physical confrontation.
Even if these statements by defendant are sufficient to show that there was an overt act, we find that the trial judge was correct in not allowing Mr. George to answer the question regarding his brother’s criminal record. Traditionally, character evidence is established by general reputation, not by specific acts. However, the victim’s criminal record may be admissible to show the defendant’s state of mind if the defendant was aware of prior violent acts by the victim at the time *267 of the homicide. State v. King, 347 So.2d 1108 (La.1977).
The only evidence in the record that the defendant had any knowledge of the victim’s criminal record is in his statement to the police. In that statement, the defendant says he heard on the street that “The dude was bad really, he thought he was bad, he’d hurt you.” This statement is not sufficient to show that the defendant had any knowledge of specific acts by the victim which would affect his state of mind. In any event, the question as asked would not necessarily have solicited evidence of violent acts by the victim, only criminal acts which may not have been admissible.
This assignment of error is without merit.
ASSIGNMENT NUMBER TWO
Defendant asserts that he was denied due process of law when bullet fragments were admitted into evidence which were not properly identified and no chain of possession was shown.
Dr. Freeman, the pathologist who performed an autopsy on the victim, testified that he took the fragments from the victim’s body, placed them in a film cannister and kept them locked up until he turned them over to Detective Rickard. Dr. Freeman stated further that these were the only bullet fragments in his possession at that time. Detective Rickard testified that he received the film cannister with the fragments from Dr. Freeman, marked it with an evidence tag, and retained possession of it until it was introduced at trial.
Defendant’s objection is that Dr. Freeman did not positively identify the fragments at trial; however, in view of the extensive testimony as to the chain of custody of the film cannister, we find that the trial court was justified in finding that the bullet fragments in the cannister were those removed from the victim’s body. In any event, defendant has demonstrated no prejudice as a result of the admission of the fragments. It is unlikely that such prejudice could be shown in light of the defendant’s admission that he fired the shots which killed the victim.
ASSIGNMENT NUMBER THREE
At trial, defendant objected to a jury instruction on the Aggressor Doctrine, but the objection was overruled. The trial judge has an obligation to charge the jury on the law applicable to every phase of the case supported by the evidence whether or not accepted by him as true. State v. Marse, 365 So.2d 1319 (La.1979). In instructing the jury on the Aggressor Doctrine, the trial judge was charging the jury on the whole of the law regarding self-defense. Considering the evidence of the fight between the defendant and the victim, we find that the instruction objected to was within the trial judge’s discretion.
For the above reasons, the defendant’s conviction is affirmed.
A.FFIRMED.