479 So.2d 673 (1985)
STATE of Louisiana
v.
Joseph Jimmy WYSINGER.
No. CR84-878.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1985.
William D. Dyess, Many, for defendant-appellant.
Don Burkett, Dist. Atty., Many, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and KNOLL, JJ.
DOMENGEAUX, Judge.
The defendant, Joseph Jimmy Wysinger, was charged by grand jury indictment with distribution of a controlled dangerous substance, Schedule I: marijuana, in violation of La.R.S. 40:966(A)(1). On July 10, 1984, the defendant was tried before a jury, found guilty as charged, and subsequently sentenced. He appeals his conviction and urges two assignments of error:
ASSIGNMENTS OF ERROR
"1. Trial court erred in that the state failed to prove beyond a reasonable doubt that the defendant had a specific intent to distribute a controlled dangerous substance. In fact, the defendant was entrapped by law enforcement officers.
2. Defendant reserves his right to file additional assignments of error after sentencing."[1]
On March 22, 1984, two deputies with the Natchitoches Parish Sheriff's Office, Leonard *674 Jones and Charles Robinson, were retained by Sabine Parish Deputy James McComic to work undercover and investigate drug operations in Sabine Parish. On March 23, 1984, Deputy McComic gave the two undercover agents $100.00 in cash to make undercover drug purchases. After driving around the Many area, they were informed by several persons that"... most all of the happenings, ... were going down in Zwolle." In Zwolle, they made several contacts at the Landmarker Club, but all leads were exhausted to no avail.
The two deputies then went to a store called the Round Up, where they noticed the defendant pumping gas in an old model Pontiac. Deputy Jones walked up to him and asked him if he knew where they could purchase any liquor or drugs. The defendant responded that he had just dropped off a guy that the deputies needed to see. When the defendant left the store, he told them to follow him to an area known as The Quarters.
Upon reaching The Quarters the defendant pulled off on the left side of the road, and motioned for the deputies, who had been following him, to come to his car. The two deputies then entered the vehicle. During the conversation which took place in the defendant's vehicle, Deputy Jones informed the defendant at least one more time that he was looking to purchase a bag of marijuana. At some point in the conversation the defendant reached under the driver's seat and pulled out a tightly-rolled bag which was later found to contain marijuana. The defendant told Deputy Jones to "... roll some of that up, and smoke it, and see how you like it." Deputy Jones refused, but as he was attempting to exit the vehicle the defendant offered the bag of marijuana for $20.00. Deputy Jones then gave the defendant the money in exchange for the bag. The deputies returned to the car, noted the license plate number on the defendant's auto, notified Deputy McComic, and sent the bag to the crime lab for analysis. A warrant for the defendant's arrest was later issued and the defendant was taken into custody.

ASSIGNMENT OF ERROR NO. 1
In this assignment of error, the defendant contends that the trial court erred in that the State failed to prove beyond a reasonable doubt that the defendant had a specific intent to distribute a controlled dangerous substance. The defendant further asserts that he was entrapped by law enforcement officers.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the standard for factual review in a criminal appeal is whether any rational trier of fact, viewing the evidence in a light most favorable to the prosecution, would have found the essential elements of the crime proved beyond a reasonable doubt.[2] The defendant was found guilty of distribution of a controlled dangerous substance, Schedule I: marijuana. La.R.S. 40:966(A)(1), in pertinent part, reads: "[I]t shall be unlawful for any person knowingly or intentionally to produce, manufacture, distribute, or dispense... a controlled dangerous substance classified in Schedule I."
*675 In the defendant's brief, he cites cases which place the burden of proof on the State to show that the defendant had the controlled dangerous substance for sale and not for personal use. However, every case he cites for that authority applies to possession with intent to distribute. The defendant in this case was convicted of actual distribution of a controlled dangerous substance. Therefore, the cited case law in the defendant's brief is not authority to impose the above-mentioned burden of proof on the State. The State merely needed to prove that the defendant knowingly or intentionally distributed marijuana. La. R.S. 40:966(A)(1).
Deputy Jones testified that, after telling the defendant that he wanted to purchase a bag, the defendant pulled out from under the driver's seat a bag of what appeared to be marijuana. After Deputy Jones refused the defendant's proposition to "roll some of that up, and smoke it, and see how you like it", the defendant then asked if Deputy Jones would give him $20.00 for the bag. Deputy Jones stated that he would and gave the defendant the money in exchange for the bag. Deputy Robinson was also called as a witness by the State and his testimony accurately reflected that of Deputy Jones'.
The State showed, by the testimony of the two deputies, that the defendant voluntarily sold the marijuana to Deputy Jones. This voluntary distribution is sufficient to prove that the defendant had the requisite general criminal intent to commit the offense of distribution of marijuana. La.R.S. 40:966; State v. Williams, 352 So.2d 1295 (La.1977).
The defendant further contends that he was entrapped into committing the offense by the two deputies. Entrapment exists when the officer instigates the crime: that is, the officer must plan and conceive the crime and the defendant must have perpetrated it only because of the trickery, persuasion, or fraud of the officer. State v. Kelly, 263 La. 545, 268 So.2d 650 (1972). However, the entrapment defense will not lie if officers or agents merely furnish a defendant predisposed to commit the crime opportunities to do so. State v. Moody, 393 So.2d 1212 (La. 1981). Although the officers informed the defendant more than once of their intention to purchase a bag of marijuana, the defendant nevertheless initiated the proposed sale of the bag he had in his possession by asking the officers if they would be willing to pay him $20.00 for it. Thus, it was reasonable for the trier of fact to find that the defendant was not entrapped by the two deputies.
Therefore, after viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the offense of distribution of marijuana.
For the above and foregoing reasons the conviction of the district court is affirmed.
AFFIRMED.
NOTES
[1] Although the statement is listed as an assignment of error, it is not. The Official Revision Comment to La.C.Cr.P. Art. 844 tells us that written assignments of error have replaced, but serve the same purpose as, the former bill of exceptions in our criminal procedure. Prior to 1974 Article 844 provided for the contents of a bill of exceptions, stating:

"A formal bill of exceptions shall contain only the evidence necessary to form a basis for the bill, and must show the circumstances and the evidence upon which the ruling was based."
The defendant's second "Assignment of Error" neither apprises this Court of the trial court's ruling complained of nor does it provide the basis for such a complaint. Therefore, this statement is not an assignment of error, and any issue expected to be raised thereby is not properly before this Court.
[2] Although reviewing courts are obligated to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this standard because it relegates the reviewing power of the appellate courts to nothing more than "second guessing" the triers of fact. See my concurring and dissenting opinions in State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983); State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983); writ denied, 444 So.2d 1241 (La.1984); and State v. Bryan, 454 So.2d 1297 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 128 (La.1984).