DOUCET, Judge.
Defendant, Henry Wilson, was charged by bill of information with having attempted to commit second degree murder of Nora Mayes, in violation of La.R.S. 14:27 and R.S. 14:30.1. The crime is alleged to have been committed on December 22, 1984.
Following a trial which began on November 5,1985, the defendant was found guilty by a twelve person jury of attempted manslaughter, a responsive verdict.
Defendant was sentenced initially on December 9, 1985 to serve seven years with the Department of Corrections. Defendant was sentenced to serve an additional two years at hard labor without benefit of parole, probation or suspension of sentence pursuant to the provisions of La.R.S. 14:95.2.
Later that same day the court found the sentencing under La.R.S. 14:95.2 illegal as the defendant was not charged by the bill of information with having used a firearm in the commission of the crime in accordance with State v. Jackson, 480 So.2d 263 (La.1985). The defendant’s sentences were vacated and he was thereafter resentenced to serve a term of nine years at hard labor with the Department of Corrections.
Defendant appeals the conviction and sentence.
FACTS
According to the victim, Nora Mayes, the defendant and victim had lived together for approximately eight years and were living separately for three years after that. They then lived together again in October 1984 up to the shooting incident of December 22, 1984.
On that day, the victim testified the defendant came home around 4:00 P.M. drunk and calling her names. The arguing continued, followed by the defendant pushing her, then placing a .22 caliber pistol to her face and shooting.
The victim ran out of the house to a neighbor’s house. The defendant followed *417 threatening to kill her. The victim then ran to another house where she called the police.
ASSIGNMENT OF ERROR NUMBER 1
The defendant contends the trial judge erred by allowing the hearsay evidence admitted. Specifically he contends that the victim, Nora Mayes, testified to statements made by their next door neighbor to the defendant. According to the victim the neighbor told the defendant to stop and “don’t do that.”
The statement occurred as the victim was trying to escape the defendant, who still had the gun, was shooting and was chasing her. This testimony is clearly admissible as part of the res gestae and an exception to the hearsay rule. La.R.S. 15:447, 15:448,[1] State v. Barnes, 414 So.2d 711 (La.1982).
This assignment is without merit.
ASSIGNMENT OF ERROR NUMBER 2
In this second assignment of error the defendant contends the trial court erred in allowing into evidence two projectiles recovered at the scene of the shooting without the State having first sufficiently proved a continuous chain of custody.
The record reveals that the projectiles were seized by Deputy Mike Bodin and identified at trial by Deputy Bodin as the same projectiles.
Admission of physical evidence requires that a foundation be laid, either by positive identification by a witness or through establishment of a chain of custody. State v. Guillory, 438 So.2d 1256 (La.App.3rd Cir.1983). A continuous chain of custody need not be established if evidence as a whole establishes that it is more probable than not that the object introduced is the same as the object originally seized by police officers; moreover, any defect in the chain of custody goes to the weight of the evidence rather than to its admissibility. State v. Guillory, Id.
In the instant case, the evidence sustains a finding that, more probably than not, the projectiles introduced in evidence are the same ones recovered by Deputy Bodin at the scene.
Defendant can show no prejudice in any event by the introduction of the projectiles in light of the defendant’s admission that he fired the shots at the scene; one of which injured the defendant. See State v. Harmon, 448 So.2d 264 (La.App. 3rd Cir. 1984), writ den., 450 So.2d 953 (La.1984).
This assignment is without merit.
ASSIGNMENT OF ERROR NUMBER 3
Defendant asserts the verdict is contrary to the law and evidence as the State failed to prove an essential element of the offense for which he was convicted, that being specific intent.
As noted above, the defendant was charged with the crime of attempted second degree murder and the jury returned a verdict of attempted manslaughter.
A specific intent to kill or inflict great bodily harm is an essential element of the crime of attempted second degree murder and also of the responsive verdict of attempted manslaughter. State v. Butler, 322 So.2d 189 (La.1975); State v. Turner, 440 So.2d 834 (La.App. 2nd Cir.1983).
A specific intent to kill or inflict great bodily harm can readily be inferred from the victim’s testimony that the defendant shot as he placed the revolver against the victim’s face.
*418 Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Accordingly, this assignment is without merit.
ASSIGNMENT OF ERROR NUMBER 4
The defendant assigns as error the court’s resentencing the defendant after the defendant was originally sentenced.
The defendant was initially sentenced to serve seven years with an additional consecutive two years, which two years would be without benefit of parole, probation or suspension of sentence pursuant to La.R.S. 14:95.2 which mandates the additional two year sentence when certain crimes are committed with the use of a firearm. The Louisiana Supreme Court has ruled in State v. Jackson, supra, that the provisions of La.R.S. 14:95.2 cannot be applied, unless the defendant has received adequate notice by charging such a violation in a bill of information or indictment.
According to this provision in Jackson, supra, the trial judge, that same afternoon, vacated the sentences holding the additional sentence, pursuant to La.R.S. 14:95.2, was illegal. After vacating the entire sentence the trial judge resentenced the defendant to serve nine years.
Defendant contends the trial judge erred in enhancing the original seven year sentence for the conviction of attempted manslaughter to nine years.
Clearly, La.C.Cr.P. art. 882 allows the trial judge to correct an illegal sentence at any time. This the trial judge did by vacating the two year penalty imposed under La.R.S. 14:95.2.
La.C.Cr.P. art. 882 further authorizes the court to amend the sentence within legal limits at its discretion, prior to the beginning of execution of the sentence.
In the present case the sentence was amended that same day prior to the beginning of the execution of the sentence. The trial judge acted well within his authorized discretion in amending the defendant’s sentence to nine years. There is no contention that this sentence is unconstitutionally excessive.
Accordingly, the defendant’s assignment is without merit.
For these reasons, the conviction and sentence of the defendant are affirmed.
AFFIRMED.

. La.R.S. 15:447 provides:
“Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence.”
La.R.S. 15:448 provides:
"To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction.”