GUIDRY, Judge.
Defendant-appellant, Mickey L. Co-meaux, was charged by grand jury indictment with one count of distribution of marijuana, a violation of La.R.S. 40:966(A)(1). He was tried and found guilty. A pre-sen-tence investigation report was ordered and on February 24, 1986, defendant was sentenced to six years at hard labor. From that conviction and sentence, the defendant appeals assigning the following as errors:
1. The trial court erred in declining to permit the introduction into evidence of the written report of Ronald Vidalia, a narcotics agent, who was called by and testified in behalf of the State.
2. The trial court erred in admitting into evidence, over the objection of counsel for the defendant, the documents marked for identification as S-l and S-2.
3. The trial court erred in declining to sustain the motion made on behalf of the defendant for a directed verdict in favor of the defendant on the grounds of entrapment.
4. The trial court erred in declining to acquit the defendant on the grounds of entrapment.
*221 FACTS
On July 18, 1985, Sergeant Ronald Vida-lia was working undercover conducting a narcotics investigation for the Jefferson Davis Parish Sheriffs Office. Vidalia and a confidential informant (C.I.) picked up one Willis Guidry, a friend of the C.I., to assist them in locating and purchasing drugs. As they proceeded along West Division Street in Jennings, Jefferson Davis Parish, they spotted the defendant, Mickey Comeaux, parked on the side of the road. They pulled over in front of Comeaux’s car and Guidry walked back to the defendant’s vehicle and asked Comeaux if he knew where he could get a $30.00 dollar bag of marijuana for his “friend”. The defendant responded by answering yes and handing Guidry a bag of marijuana. He instructed Guidry to try and get $30.00 for it but if he could not, then he would take $25.00. Gui-dry walked back to Vidalia’s vehicle and the defendant followed. The defendant then told Agent Vidalia he wanted $30.00 for the marijuana, if he could get it. Agent Vidalia paid Comeaux $30.00. Before returning to his vehicle, defendant told Agent Vidalia that the bag he sold him was his last but he was expecting more and to check with him. later if he wanted some more marijuana. As a result of the above transaction, both Willis Guidry and Mickey Comeaux were arrested and charged with distribution of marijuana. Guidry pleaded guilty and was sentenced prior to testifying in the present case.
ASSIGNMENT OF ERROR NO. 1
Defendant first argues that the trial judge erred in declining to permit the introduction into evidence of the written report of Sergeant Ronald Vidalia. During cross-examination of Officer Terry Langley, defense counsel asked to see any receipt Langley may have received when he delivered the contraband he picked up from Agent Vidalia to the crime lab in Lake Charles. Officer Langley complied with the request and handed the receipt to defense counsel. Agent Vidalia’s report had been inadvertently attached to that receipt. The defense sought to have the report admitted into evidence and to question Officer Langley about the report. The prosecution objected, and the trial judge sustained the objection.
“As a rule, the state is not required to produce for inspection a police report or a prior statement for use in cross-examination of a state witness for impeachment purposes unless:
(1) the witness has physical possession of the report on the stand and testified from it. State v. Latin, 412 So.2d 1357 (La.1982); State v. Perkins, 310 So.2d 591 (La.1975); or
(2) the witness testified exclusively from his past recollection recorded even though he does not have physical possession of the report on the stand. State v. Latin, 412 So.2d 1357 (La.1982); State v. Banks, 341 So.2d 394 (La.1976); or
(3) it is established that there is an inconsistency between the witness’ testimony at trial and his prior statement. State v. Breaux, 366 So.2d 1375 (La.1978); State v. Lovett, 359 So.2d 163 (La.1978).”
State v. Johnson, 438 So2d 1091, 1098 (La.1983).
In the present case, Officer Langley was testifying solely from memory. The report which the defense sought to have introduced had nothing to do with the subject matter of Officer Langley’s testimony. In fact, the report was not one which Officer Langley had prepared, but rather was a report prepared by Agent Vidalia which had been inadvertently attached to the receipt. Accordingly, the report was properly withheld from the defense.
ASSIGNMENT OF ERROR NO. 2
The defense argues that the trial court erred in admitting S-l and S-2, the bag of contraband and the forensic report identifying it as marijuana, over his objection. The defendant contends that the evidence should not have been admitted because the chain of custody, “step by step”, was not established.
The record makes clear that the plastic bag of marijuana admitted in evidence and *222 identified as S-l was the same bag of marijuana purchased by Vidalia from the defendant.
The evidence reflects that Willis Guidry arranged the purchase of the bag of marijuana from the defendant. Guidry handed the plastic bag of marijuana to Agent Ronald Vidalia. Vidalia put the “bag” in his sock. Approximately one-half hour later, when he returned to his motel room, he labeled it, sealed it and locked it in his briefcase. Agent Vidalia then secured the briefcase under the bed in his locked motel room.
The next morning Officer Terry Langley picked up the evidence. Langley gave this “bag” a number, placed it in an evidence envelope which he sealed, labeled and locked in a suitcase which he placed in the locked truck of his car. Langley drove to Lake Charles and delivered the sealed evidence envelope (S-l) to Deputy Sandra Havens, from whom he secured a receipt.
Deputy Sandra Havens, the evidence custodian, was the only person in the chain of custody not to appear and testify at trial. However, Deputy Timothy Simon, the forensic analyst who actually tested the contraband, did appear. He stated that he received the still sealed envelope (S-l) from Deputy Havens, tested the material contained therein, which he found to be marijuana, resealed the envelope, returned it to Deputy Havens, and then on the afternoon of trial, again received the sealed envelope from Deputy Havens and transported it to court. Deputy Simon further testified that S-2 was the report he prepared after testing the substance contained in the evidence envelope marked S-l.
We find this case almost squarely on all fours with the case of State v. Franks, 483 So.2d 224, 228, 229 (La.App. 3rd Cir.1986), writ denied, 488 So.2d 196 (La.1986), decided by this court last year wherein we stated:
“[Defendant argues that the trial court erred in admitting the Pentazocine into evidence when the district attorney failed to establish an unbroken chain of custody. The defendant asserts that because Mr. Simon, the chemical analyst at the crime lab, did not know who put the pills on his desk to be examined, there was no way to insure that the pills examined were the same ones Mr. Ceasar gave the undercover agents. Therefore, the state failed to prove the chain of custody and the evidence is therefore inadmissible.
The state, however, need not prove an unbroken chain of custody.
“ ‘However, a continuous chain of custody need not be established if the evidence as a whole establishes that it is more probable than not that the object introduced is the same as the object originally seized by the police officers. State v. McCabe, 420 So.2d 955 (La.1982). Moreover, any defect in the chain of custody goes to the weight of the evidence rather than to admissibility. State v. Sam, 412 So.2d 1082 (La.1982).’ State v. Guillory, 438 So.2d 1256 (La.App. 3 Cir.1983).
See also State v. Kirkley, 470 So.2d 1001 (La.App. 1st Cir.1985).”
See also State v. Celestine, 443 So2d 1091 (La.1983).
The record before us leaves no doubt that the substance seized from the defendant was the same substance tested and identified as marijuana by Deputy Simon. This assignment lacks merit.
ASSIGNMENTS OF ERROR NOS. 3 AND 4
Appellant’s remaining assignments of error deal with the defense of entrapment. The defendant claims that he was entrapped into the sale of the drugs by Agent Vidalia.
In State v. Bernard, 441 So2d 817, 820 (La.App. 3rd Cir.1983), writ denied, 445 So2d 439 (La.1984), this court explained the entrapment defense stating:
“Under the generally accepted view an entrapment is perpetrated when a law enforcement official or a person acting in cooperation with such an official, for the purpose of obtaining evidence of the commission of an offense, solicits, encourages, or otherwise induces another *223 person to engage in conduct constituting such offense when he is not then otherwise disposed to do so. State v. Batiste, 363 So.2d 639 (La.1978). When entrapment is at issue, the focal point of the inquiry is on the predisposition of the defendant to commit the crime at issue as well as on the conduct of the police. State v. Batiste, supra. For entrapment to exist, a defendant must be induced in some way to engage in criminal conduct which he is not otherwise disposed to engage in; an entrapment defense will not lie if the officers or agents have merely furnished a defendant, who is predisposed to commit the crime, the opportunities to do so. State v. Moody, 393 So.2d 1212 (La.1981).”
More recently, in State v. Wysinger, 479 So.2d 673 (La.App. 3rd Cir.1985), the court expounded further on entrapment. In Wy-singer, Judge Domengeaux, writing for the court, explained:
“... Entrapment exists when the officer instigates the crime: that is, the officer must plan and conceive the crime and the defendant must have perpetrated it only because of the trickery, persuasion, or fraud of the officer. State v. Kelly, 263 La. 545, 268 So.2d 650 (1972). However, the entrapment defense will not lie if officers or agents merely furnish a defendant predisposed to commit the crime opportunities to do so. State v. Moody, 393 So.2d 1212 (La.1981). Although the officers informed the defendant more than once of their intention to purchase a bag of marijuana, the defendant nevertheless initiated the proposed sale of the bag he had in his possession by asking the officers if they would be willing to pay him $20.00 for it_”
The case at bar is almost exactly the same as Wysinger. In the instant case, Agent Vidalia sought to purchase drugs through Willis Guidry. The defendant, however, did not commit the crime because he was “tricked or persuaded”. It is evident that the defendant was predisposed to commit this crime. Defendant talked to Guidry about getting $30,00 for the drugs prior to the actual sale. He told Guidry he wanted $30.00, but would take $25.00. Finally, Comeaux stated to Vidalia that the bag he was selling was his last bag, but that he would have more later that same day. This testimony shows that the defendant was predisposed to sell narcotics, and like Wysinger, was not tricked or persuaded into committing a crime he did not intend to commit.
In sum we find that, because there is no evidence that the defendant was entrapped, the trial judge did not err in refusing defendant’s motion for directed verdict based on entrapment or his motion for an acquittal.
For the reasons stated, the defendant’s conviction and the sentence are affirmed.
AFFIRMED.