517 So.2d 865 (1987)
STATE of Louisiana,
v.
Franklin D. WILSON, Jr.
No. CR86-858.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1987.
Louis Vogt, Vidalia, for defendant-appellant.
John Johnson, Dist. Atty., Vidalia, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and DOUCET, JJ.
GUIDRY, Judge.
On January 22, 1986, the defendant, Franklin Delane Wilson, Jr., was convicted of possession of marijuana, second offense, a violation of La.R.S. 40:966 D(2). The defendant was sentenced to serve five (5) years at hard labor. Defendant appeals his conviction raising the following two assignments of error:
1. The State failed to lay a proper foundation or prove a sufficient chain of custody in admitting into evidence the marijuana found in defendant's truck.

*866 2. The State presented insufficient evidence to prove that defendant possessed the substance marijuana on the date of his arrest.

FACTS
On May 23, 1985, Franklin and his cousin, Johnny Ray "Smokey" Wilson, purchased a pint of whiskey and proceeded to a levee near Lake Concordia in Franklin's blue 1972 Ford pickup truck. After they consumed the pint of whiskey, Franklin drove the two back to town where they purchased more whiskey. On their way back to the lake, Franklin drove the truck into a ditch where they became momentarily stuck. After exiting the ditch, the two proceeded toward the lake. Enroute, Franklin struck a boy on a bicycle but continued on his way. The police were alerted to both the incident in the ditch and the hit-and-run accident, with the descriptions of the pickup truck being the same. The police located Franklin and his truck shortly thereafter. Franklin was arrested and his truck was towed to the Concordia Parish Sheriff's parking lot. Pursuant to a signed consent document, Franklin's truck was searched. A matchbox containing marijuana was found in the torn upholstery above the sun visor on the driver's side of the cab.
Franklin was tried by a six person jury on the charge of possession of marijuana, third offense. Defendant was convicted of the responsive verdict of possession of marijuana, second offense. It is from this conviction that defendant appeals.

ASSIGNMENT OF ERROR NO. 1
Through this assignment of error, the defendant contends that the trial court erred in admitting the marijuana into evidence, over defense counsel's objection, urging that the State failed to lay a proper foundation and prove a sufficient chain of custody. Defense counsel provides no basis in his brief for this contention.
The testimony presented at trial reflects that Deputy Calvin Causey of the Concordia Parish Sheriff's Office received a call on the date in question of a truck, fitting the description of defendant's, having gone into a ditch. Moments later, Causey was notified of a hit-and-run accident involving a truck of the same description. Causey arrived at the accident site shortly thereafter and was informed of the direction in which the perpetrator had been traveling. More specific directions were relayed to Causey by a woman who had followed defendant from the scene of the accident. Causey and State Police Trooper Johnny Blunschi proceeded in separate vehicles to Lake Concordia where they found defendant driving alone in his truck near the levee. Causey and Blunschi then arrested the defendant.
Causey testified that when the defendant was arrested, he remained with defendant's truck until the wrecker arrived. He stated that the wrecker towed the truck to the police parking lot, and a deputy was standing by to watch the truck when it arrived. Defendant consented to allow the police to search his truck, and the search turned up a matchbox, with a substance in it, which the police believed to be marijuana. The matchbox was found in a tear in the upholstery of the cab, in plain view, above the sun visor on the driver's side of the truck. This evidence was kept under Causey's control until it was packaged and sent to the crime lab.
LaGran Talley, the ID officer for Concordia Parish, testified that he received this evidence from Causey and preserved it in a locked vault until he took it to the lab in Alexandria to a Mr. Sheffin. On September 4, 1985, he picked up the evidence from the crime lab and placed it back in the vault. The evidence was kept in the locked vault until it was presented to Causey on the morning of trial. Talley stated that the evidence presented to him at trial was the same bag which he collected from Causey and subsequently delivered to the crime lab. He stated that he was able to identify this package "... because of the contents... matches the contents on the ... my lab report. The evidence transfer receipt." Apparently, the evidence seized from defendant's vehicle had been placed in a bag and labeled with an identification tag which *867 corresponded to Talley's evidence transfer receipt.
Admission of physical evidence requires that a foundation be laid either by positive identification by a witness or through establishment of a chain of custody. State v. Guillory, 438 So.2d 1256 (La. App. 3rd Cir. 1983). A continuous chain of custody need not be established if the evidence as a whole establishes that it is more probable than not that the object introduced is the same as the object originally seized. State v. Williams, 447 So.2d 495 (La.App. 3rd Cir.1984), writ denied, 450 So. 2d 969 (La. 1984); State v. Smith, 463 So.2d 1003 (La.App. 3rd Cir.1985), writ denied, 466 So.2d 1301 (La.1985); State v. King, 471 So.2d 1181 (La.App. 3rd Cir. 1985). Any defects in the chain of custody go to the weight of the evidence and not to its admissibility. State v. Guillory, supra. In State v. Parker, 425 So.2d 683 (La. 1982), and State v. Davis, 411 So.2d 434 (La. 1982), the court held that the evidence challenged was sufficiently connected with the case despite missing links in the chain of custody.
In the instant case, we find that the State met its burden. The testimony of Causey indicates that the evidence was continuously guarded prior to being turned over to the ID officer. The ID officer's testimony reflects that the evidence was secure prior to, and after being analyzed by the crime lab. Finally, the ID officer testified that when the evidence came back to him from the crime lab, it matched the description he had made prior to sending it to the crime lab for analysis. The trial judge did not err by ruling this evidence admissible. This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2
Through this assignment of error, the defendant argues that the trial court erred in finding him guilty of possession of marijuana because there was no evidence to prove that the defendant possessed marijuana.
In the instant case, the drugs were found when defendant was arrested and had consented to a subsequent search of his truck.
Defendant owned and was in possession of the truck in question for a couple of months prior to his arrest. Not only did he drive the truck, but he testified at trial that he had been living out of this truck for a week to ten days prior to his arrest. The matchbox containing the marijuana was found in plain view in the upholstery over the sun visor on the driver's side of the cab. Defendant admitted to prior convictions for possession of marijuana, but stated that he had no knowledge of the existence of the marijuana found in his truck. Smokey Wilson also admitted to smoking marijuana with his cousin, Franklin, but stated he was unaware of any marijuana in Franklin's truck on the date in question.
Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), sets forth the standard of review in determining whether the evidence in a case is sufficient to sustain a conviction. The Jackson criteria is whether any rational factfinder, viewing the evidence in a light most favorable to the prosecution, could have found the essential elements of the offense proven beyond a reasonable doubt. Specifically, the question is did the evidence, when viewed in a light most favorable to the prosecution, prove that this defendant possessed marijuana beyond a reasonable doubt.
One need not physically possess the controlled dangerous substance to violate the prohibition against possession, constructive possession is sufficient. A person may be in constructive possession of a controlled dangerous substance if it is subject to his dominion and control, regardless of whether it is in his physical possession. State v. Edwards, 354 So.2d 1322 (La. 1978); State v. Little, 353 So.2d 255 (La. 1977).
The mere presence of someone in an area where controlled dangerous substances are found, or mere association with a person found to be in possession of contraband, is insufficient to constitute constructive possession. State v. Norman, 434 So.2d 1291 (La.App. 3rd Cir.1983). However, in the instant case, defendant *868 had actually been living out of the truck in which the marijuana was found. Under these circumstances, we find that a rational trier of fact could have concluded, beyond a reasonable doubt, that the marijuana found in the cab of defendant's truck belonged to defendant. This assignment of error lacks merit.
For the above and foregoing reasons, defendant's conviction is affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.