YELYERTON, Judge.
Defendant, Wade Newsome, was convicted by a jury of possession of cocaine, a violation of La.R.S. 40:967(C), and sentenced to serve the maximum five years at hard labor and pay the maximum fine of $5,000. His appeal attacks the sufficiency of proof of possession, the effectiveness of trial counsel, and the sentence.
FACTS
On July 29, 1986, four police officers executed a search warrant for the residence of Wade Newsome at 1513 Pauline Street in the city of Natchitoches. New-some’s mother, Mildred Wafer, answered the door. They showed her the warrant. She led them to defendant’s room. New-some was not then present but he arrived 15 minutes later. Newsome and his mother remained in the room as the search took place. On a bookshelf were some paper packets with some powdery substance in them. One of the packets was in a mug. This packet was found to contain cocaine. A vial was also in the mug and it was found to contain inositol, an agent used to cut cocaine.
All four police officers testified at the trial. When defendant got there he sat on the bed and watched them, asking questions and making comments. Once, when an officer was going through the clothes closet defendant told them that those were his clothes and that he wished they would “leave my threads alone”. The room contained numerous items, mail, magazines, and other things with defendant’s name on them. Detective Vaughan testified that it was his usual practice, a practice which he followed in this case, that each time he picked up an item he asked the defendant “Is this yours”, and this defendant answered every time that it was. When the officer picked up the mug containing the vial and the packet, defendant identified the mug as his.
Defendant’s mother, Mrs. Wafer, testified for him. The only people living in her house with her were Wade and her elderly brother. All three had separate bedrooms. Wade was not there all the time. Sometimes he would go to Houston. In July (the search took place on July 29, 1986) Wade visited in Houston for about two weeks. He had been back three or four days before the search. Mrs. Wafer testified that she seldom cleaned Wade’s room and she had not cleaned it since his return from Houston. There was no testimony that anyone other than Newsome had been in the room since his return from Houston, although his mother testified that occasionally her other children would visit and use the private bath in Wade’s room when he was not there.
*89 ASSIGNMENTS OF ERROR NOS. 1 and 3
Defendant’s first and third assignments of error attacked the sufficiency of the evidence to prove possession, and the denial of a motion for a new trial based on the same claimed insufficiency.
One need not physically possess the controlled dangerous substance to violate the prohibition against possession, constructive possession being sufficient. State v. Wilson, 517 So.2d 865 (La.App. 3rd Cir.1987). A person may be in constructive possession of a controlled dangerous substance if it is subject to his dominion and control, regardless of whether it is in his physical possession. Id. The mere presence of someone in an area where controlled dangerous substances are found is insufficient to constitute constructive possession. State v. Norman, 434 So.2d 1291 (La.App. 3rd Cir.1983). However, in the instant case, defendant admitted that the mug in which the contraband was found belonged to him. It was found in a room occupied by defendant alone. The room contained his clothes and other possessions, facts admitted by him. His mother testified that the room was his, and that he had been living there continuously for an extended period of time, and for the three or four days preceding the search.
Guilty knowledge is an essential ingredient of the crime of possession of a controlled dangerous substance. State v. Mims, 330 So.2d 905 (La.1976). Although intent is a question of fact, it need not be proven as a fact; it may be inferred from the circumstances. La.R.S. 15:445.
In the present case the fact that the cocaine was found in a mug belonging to defendant, and that the mug was found in a room regularly occupied by defendant alone, is evidence of constructive possession. The fact that the cocaine was in a packet and that there was a separate cutting agent located in another container in the same mug is additional evidence from which guilty knowledge may be inferred.
Under these circumstances, a rational trier of fact could have concluded, beyond a reasonable doubt, that the defendant knowingly and intentionally possessed cocaine. The evidence was sufficient to sustain a conviction under the standard of review required by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). These assignments have no merit.
ASSIGNMENTS OF ERROR NOS. 2, 6, and 7
The defendant’s second assignment of error is that he was denied effective assistance of counsel. Error No. 6 (which actually contains six sub-assignments) and No. 7 recite errors as to which no contemporaneous objection was made at trial; these are urged not only as assignments of error but also as evidence of trial counsel’s ineffectiveness.
The standard of competence required of defense counsel in a criminal case is explained in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The standard requires the defendant to show that his counsel’s performance was deficient, and that the deficient performance prejudiced the defense.
The usual rule is that ineffective assistance of counsel is more properly raised by post-conviction attack rather than by direct appeal. State v. Prudholm, 446 So.2d 729 (La.1984). The reason for this rule is to provide for a full evidentiary hearing on the allegations of ineffective assistance. State v. Barnes, 365 So.2d 1282 (La.1978).
A contemporaneous objection is required to preserve an error for appellate review. La.C.Cr.P. art. 841. Each of the errors in assignments six and seven is argued as evidence of former counsel’s ineffectiveness. In State v. Ratcliff, 416 So.2d 528 (La.1982), the Supreme Court considered assignments despite the lack of objection because of the allegation of ineffective assistance of counsel. However, the reason why the court in Ratcliff considered the unpreserved errors was because there had been a full evidentiary hearing in the trial court on the issue of ineffective assistance of counsel. The court explained:
[1] Defendant concedes that this Court normally holds that ineffective assistance of counsel is an issue more prop *90 erly raised by writ of habeas corpus. State v. Brown, 384 So.2d 983 (La.1980); State v. Malveaux, 371 So.2d 820 (La.1979). As we explained in State v. Barnes, 365 So.2d 1282, 1285 (La.1978), this allows the “district judge in a proper case to order a full evidentiary hearing on the matter.” (citations omitted). In the case before us, the trial judge held a hearing on the motion for a new trial during the course of which the allegation of ineffective assistance of counsel was explored in detail. Since the record discloses evidence needed to decide the issue of ineffective assistance of counsel and that issue was raised by assignment of error on appeal, in the interest of judicial economy we will address the issue now.
Id. at 530.
In our present case, unlike the situation in State v. Ratcliff, supra, there is no record for review. Ineffective assistance of counsel is raised for the first time on appeal.
The record shows that after the conviction defendant obtained new counsel, who enrolled on July 6,1987. The record of the trial was transcribed by the court reporter four days later, on July 10. A motion for a new trial was heard on July 17, at which new counsel appeared and argued. The new trial hearing was transcribed and is part of the record. Neither the motion for a new trial nor the argument presented at the hearing made any mention of ineffective assistance of counsel. The only basis, both in the motion and in the proceeding, for the demand for a new trial was the argument that constructive possession had not been proved. The record lacks evidence needed to decide the issue of ineffective assistance of counsel.
Trial counsel’s failure to make certain objections at the trial may, in hindsight and on first impression, appear to have been errors. On the other hand, on closer examination a number of sound reasons suggest themselves to us why counsel may have wisely chosen, at the time, not to object. For example, much of the allegedly objectionable material pertained to facts that defendant wanted to establish in his defense: by showing that others lived and visited in the house, and that they may have used defendant’s bathroom, defendant tried to cast doubt on whether the contraband was his. We have examined all of defendant’s unpreserved errors, and we are unable to say that the conduct of trial counsel as reflected thereby meets the tests for ineffectiveness. However, we do not so rule. If we were to decide this issue without the benefit of an evidentiary hearing in the trial court, we would be depriving the defendant of the possibility that he can meet the tests on a full evidentiary hearing. We would be depriving the defendant of this chance because the issue, if decided on appeal, cannot be raised a second time in post-conviction relief. La.C. Cr.P. art. 930.4. Accordingly, we will not consider these assignments of error. Defendant’s remedy is through post-conviction relief in the trial court. La.C.Cr.P. art. 924 et seq.
ASSIGNMENTS OF ERROR NOS. 4 & 5
These assignments complain that the trial court did not follow the sentencing guidelines and that the sentence was constitutionally excessive.
The legal principles applicable to appellate review of sentences are well established and require neither reiteration nor citation of authority.
The trial court relied on a presentence investigation report for the unchallenged facts regarding defendant’s personal history and prior criminal record. The trial judge carefully stated for the record the considerations that he took into account and the factual basis for the imposition of the maximum sentence. The judge extensively covered the facts of defendant’s pri- or criminal history and much of his personal background. The seriousness of the offense and risk that a lighter sentence would deprecate the seriousness of the offense were considered. The presentence report relied on by the trial judge and included in the record, goes into considerable detail about appellant's lack of gainful employment for several years and shows *91 that his incarceration would not act as a burden on anyone other than himself. No substantial mitigating circumstances were presented in the presentence report or argued by appellant in brief that were not mentioned by the trial judge, other than that his criminal activity has not been violent. The presentence report and the trial judge’s oral reasons contain information about a sufficient number of the factors of the sentencing guidelines, so that sentence review for possible excessiveness is not hampered. There was sufficient compli-' anee with the guidelines, La.C.Cr.P. art. 894.1.
Defendant was 37 years of age at the time of this offense. He had some college education. In the 1970’s he served time in California for various theft and marijuana related misdemeanors. He also served time for burglary in California during this period. In 1980 he was convicted and given a multiple year sentence for possession of cocaine and attempted grand theft. In the same year he was convicted of multiple counts of forgery. He was paroled in 1983 and sometime after that moved to Natchitoches where, in 1986, he pleaded guilty to simple possession amended from distribution of marijuana. 1986 was a particularly active year for defendant: he pleaded guilty to simple possession of marijuana amended from distribution; he was charged with unauthorized use of a credit card, possession of marijuana, and resisting an officer, charges still pending at the time of the presentence report; and he committed the present offense for which he was later convicted.
By this conduct the defendant has put himself in the worst offender class. We cannot say that the maximum sentence here amounts to purposeless and needless imposition of pain and suffering. We find that the sentence is not excessive.
The conviction and sentence are affirmed.
AFFIRMED.