414 So.2d 752 (1982)
STATE of Louisiana
v.
Louis Wayne SHARP.
No. 81-KA-2861.
Supreme Court of Louisiana.
May 17, 1982.
Rehearing Denied June 18, 1982.
*753 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Speedy O. Long, Dist. Atty., Dan B. Cornett, Norris Dale Jackson, Asst. Dist. Attys., for plaintiff-appellee.
C. Daniel Street, Kostelka, Swearingen & Street, Monroe, for defendant-appellant.
PHILIP C. CIACCIO, Justice pro tem.[*]
Defendant, Louis Wayne Sharp, was charged with distribution of marijuana, R.S. 40:967. He was convicted as charged and sentenced to two years at hard labor and ordered to pay a $1,000 fine. The defendant appeals on the basis of six assignments of error and he argues five of the assignments of error in his brief.
Narcotics Officers Jimmy Chevallier and Michael Beard were involved in an undercover narcotics operation in the Lasalle Parish area. On the evening of March 14, 1981 the narcotics officers were invited to a pig roast at the home of Orville Stringer. At the pig roast, Officer Chevallier met the defendant, Louis Wayne Sharp. During the course of a twenty minute conversation the defendant offered to sell and Officer Chevallier agreed to buy a bag of marijuana for forty dollars. After the agreement the defendant left Officer Chevallier for a few minutes and returned with a clear plastic bag of marijuana, which he gave to the officer in exchange for forty dollars. Officer Chevallier testified that, within five minutes of the completion of the transaction, the defendant began to discuss larger quantities of marijuana and cocaine. After the transaction, Officer Chevallier kept the marijuana on his person for approximately fifteen minutes and then locked it in the glove compartment of his truck until after leaving the party. The drug transaction was not witnessed by Officer Beard. Immediately after completion of the transaction, however, Officer Chevallier pointed out the defendant as the source of the marijuana.
The bag and its contents were later turned over to the Northwest Crime Lab, where it was analyzed and determined to be marijuana.
The defendant was arrested May 13, 1981 and charged with distribution of marijuana. At his trial, the defendant testified that he had neither smoked nor distributed marijuana at the party, but he had been offered some pills from Officer Chevallier and he refused them.
Assignments of Error Nos. 2 and 3.
The defendant contends that the trial court erred in allowing into evidence inculpatory hearsay statements to provide larger quantities of marijuana and cocaine. The defendant further alleges that error was committed as defendant had not been given pretrial notice of the intent by the State to introduce such inculpatory evidence.
If a statement constitutes hearsay, but forms part of the res gestae, it is admissible into evidence. State v. Gibson, *754 359 So.2d 147 (La.,1978), cert. den. 441 U.S. 926, 99 S.Ct. 2038, 60 L.Ed.2d 400, reh. den. 442 U.S. 935, 99 S.Ct. 2872, 61 L.Ed.2d 305. In Louisiana, the res gestae doctrine is broad and includes not only spontaneous utterances and declarations made before or after the commission of a crime, but also testimony of witnesses and police officers pertaining to what they heard or observed before, during or after the commission of the crime, provided the requirements for the introduction of such evidence have been met. R.S. 15:447, State v. Kimble, 407 So.2d 693 (La.1981); State v. Molinario, 383 So.2d 345 (La.,1980), cert. den. 449 U.S. 882, 101 S.Ct. 232, 66 L.Ed.2d 106; appeal after remand 400 So.2d 345 (La.,1981). In order to qualify as part of the res gestae, the circumstances and declarations must be necessary incidents of the criminal act or immediate concomitants of it, or form in conjunction with it one continuous transaction. R.S. 15:448. Therefore, a very close connexity is required between the charged offense and the evidence of other crimes. State v. Haarala, 398 So.2d 1093 (La.,1981). State v. Lawson, 393 So.2d 1260 (La.,1981). This close connexity in time and location is essential to the exception because no notice is required by the state of its intention to introduce evidence which forms part of the res gestae. R.S. 15:477; C.Cr.P.768, State v. Haarala, supra. State v. Brown, 352 So.2d 690 (La.,1977).
In this case, the undercover officer testified that within five minutes after he purchased the package of marijuana from the defendant, they began to discuss larger quantities of marijuana and cocaine. The statement was admitted into evidence over the objections of defense counsel. The spontaneous utterance took place in close proximity of time and location to the commission of the crime. It was an immediate concomitant of the criminal act. The statement, therefore, was properly admitted into evidence. Moreover, this evidence is probative of the defendant's criminal knowledge and intent to distribute controlled dangerous substances. Since the statement formed part of the res gestae, there was no intention to introduce this inculpatory statement.
Assignment of Error No. 4.
The defendant argues, in this assignment of error, that the trial court erred in denying his motion for a new trial. The defendant contends, through his motion and this assignment, that the evidence was insufficient to support the verdict, because the proof did not establish every element of the offense charged, beyond a reasonable doubt.
In order for a conviction to stand, the evidence, when viewed in a light most favorable to the prosecution, must be sufficient to convince a reasonable trier of fact of the guilt of the defendant, beyond a reasonable doubt, of every element of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State v. Guillot, 389 So.2d 68 (La.,1980).
In this case the defendant was charged with knowingly and intentionally distributing a controlled dangerous substance, to-wit: marijuana. R.S. 40:964 Schedule II A(5) and 40:967(A).
Officers Chevallier and Beard, experienced undercover narcotics agents, testified at the defendant's trial. Officer Chevallier, the principal agent involved in the transaction, testified unequivocally that the defendant sold him a bag of marijuana for forty dollars. Officer Beard, although not a witness to the transaction, was a competent witness to corroborate certain factual details surrounding the transaction and to place the defendant at the scene of the crime.
After viewing the evidence in a light which is most favorable to the prosecution, we are satisfied that the evidence is sufficient to convince a reasonable trier of fact of the defendant's guilt beyond a reasonable doubt.
Assigment of Error Number 4 is without merit.
Assignment of Error No. 5.
The defendant alleges that the trial court erred when it denied the defendant's motion for a new trial based upon certain *755 prejudicial remarks made by the state during defense counsel's closing arguments.
When an objection is sustained, unless a defendant, during the trial, had requested and been denied either admonition to disregard the remark or a mistrial request, he cannot complain, on appeal, of the alleged error. State v. Nicholas, 359 So.2d 965 (La.,1978).
In this case, the defendant, in closing argument, tried to explain, by analogy, the concept of reasonable doubt. The State objected to the comment claiming it would not be consistent with the court's jury instructions. The defendant objected to the State's interruption of its argument. The court overruled the State's objection, allowed defense counsel to proceed with his argument and further advised counsel that the court would properly instruct the jury regarding the issue of reasonable doubt.
In this case, the defendant failed to request a mistrial or admonition by the judge at the time his objection was raised. Accordingly, the defendant waived his right to complain of this alleged error.
This assignment lacks merit.
Assignment of Error No. 6.
The defendant argues that the trial court erred in admitting the plastic bag of marijuana into evidence without a proper foundation being presented. More specifically, he contends that the evidence was improperly identified in that there were no markings on the plastic bag containing the marijuana, although the plastic bag had been placed inside a larger marked bag.
The requirements for the proper admissibility of demonstrative evidence were set forth by this Court in State v. Gordy, 380 So.2d 1347 at 1352 (La.,1980):
"To admit demonstrative evidence at trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it was offered in evidence. For the admission of demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is relevant to the case. Lack of positive identification goes to the weight of the evidence rather than to its admissibility. Ultimately, connexity is a factual matter for determination by the trier of fact. State v. Drew, 360 So.2d 500 (La.1978)." State v. Paster, 373 So.2d 170 (La.,1979), on appeal after remand, 389 So.2d 55, (La.,1980).
A continuous chain of custody is not essential, provided the evidence as a whole establishes that it is more probable than not that the object introduced was the same as the object which was originally seized by the officers. State v. Davis, 411 So.2d 434 (La.,1982). A lack of positive identification goes to the weight of evidence, not the admissibility. State v. Drew, supra.
It is apparent, from a review of the record, that the demonstrative evidence, marijuana, was properly identified by the two undercover officers and the chemist. The testimony of the officer who purchased the drug, the officer who transported it to the crime lab and the chemist who analyzed and identified the marijuana, establishes that it is more probable than not that the marijuana which was introduced into evidence was the same marijuana that was purchased by Officer Chevallier from the defendant.
This assignment of error lacks merit. For the reasons assigned, the conviction and sentence of the defendant are affirmed.
AFFIRMED.
DIXON, C. J., concurs, disagreeing with treatment of Assignments of Error numbers 2, 3 and 5.
NOTES
[*] Judge H. Charles Gaudin of the Court of Appeal, Fifth Circuit and Judges Israel M. Augustine, Jr. and Philip C. Ciaccio of the Court of Appeal, Fourth Circuit participated in this decision as Associate Justices pro tempore, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche, Watson.