461 So.2d 500 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Lee Allison BIAS, Defendant-Appellant.
No. CR84-545.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
*501 Charles L. Bull, Jr., Welsh, for defendant-appellant.
W. Gregory Arnette, Dist. Atty., Jennings, for plaintiff-appellee.
Before DOUCET, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
Convicted of obscenity, LSA-R.S. 14:106(A)(1), and sentenced to the maximum three years at hard labor, defendant, Lee Allison Bias, appeals arguing four assignments of error, two pertaining to the conviction and two to the sentence. We affirm the conviction but reverse and set aside the sentence, finding that there was such inadequate compliance with C.Cr.P. art. 894.1 that we are unable to exercise our appellate responsibility to review this sentence for its claimed excessiveness, especially considering that the sentence imposed was manifestly a severe one, being the maximum allowable under the law. We will remand the case for resentencing.

FACTS
On a summer Saturday in 1983 at Southside Park, a community recreation facility in Jennings, Jefferson Davis Parish, at a softball game attended by a number of children and grownups, defendant, wearing short cutoffs, was seen on the top bleacher, exposing himself and playing with himself. At the trial, the state's only eyewitness, Mrs. Etienne, stated that she saw Bias doing these things. She declared that the sight was offensive to her.
The defendant took the stand and admitted that he was there, admitting his dress and the place where he was seated, but he denied that he exposed himself "that day." Mrs. Etienne and the defendant were the only witnesses who testified as to the events forming the basis for the charge.

CONVICTION ASSIGNMENTS OF ERROR
Both assignments of error # 1 and # 2 deal with the sufficiency of evidence claim, and we will discuss them together. By these assignments defendant contends that *502 the evidence at trial was not sufficient to sustain his conviction.
Defendant was found guilty of violating R.S. 14:106(A)(1) of the obscenity statute. That part of the statute reads as follows:
"A. The crime of obscenity is the intentional:
"(1) Exposure of the genitals ... in any public place or place open to the public view with the intent of arousing sexual desire or which appeals to prurient interest or is patently offensive."
The elements of the crime required the State to prove (a) the defendant exposed his genitals in public, and (b) the exposure was done either with (1) the intent of arousing sexual desire or (2) it appealed to the prurient interest or (3) it was patently offensive. The trial court made express findings that the exposure was done in public and that it was patently offensive, thus finding that the State had borne its burden of proof beyond a reasonable doubt of the elements of the offense.
The defendant argues that the evidence was insufficient to prove either element.
Since there were but two witnesses, the defendant and his accuser, each testifying oppositely, the trial judge had to make a credibility determination, and he decided that Mrs. Etienne was telling the truth. She testified, repeatedly, that defendant exposed his genitals from under his short pants on a bleacher in the park, and that while he was doing this he was grinning and playing with himself.
It is well-settled that the evidence is sufficient to support the conviction when any rational trier of fact, in viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State Ex Rel. Graffagnino v. King, 436 So.2d 559 (La.1983). The credibilities of the witnesses are to be weighed by the fact-finder, and these determinations are not open to a second-guess beyond the sufficiency evaluation under the Jackson standard of review. See State v. Richardson, 425 So.2d 1228 (La.1983).
On the basis of the direct evidence introduced, the judge could have found that the state proved beyond a reasonable doubt all of the essential elements required. The issue of credibility having been resolved by the court in favor of the state's witness, assignments # 1 and # 2 lack merit.

SENTENCING ASSIGNMENTS OF ERROR
Defendant asserts that the sentence was excessive and that the trial court did not follow the sentencing guidelines of C.Cr.P. art. 894.1. We are unable to determine on the basis of this record whether the sentence was excessive, but we find that the trial judge failed to follow the sentencing guidelines of article 894.1, and we shall set aside the sentence and remand for resentencing in accordance with those guidelines.
The maximum allowable imprisonment for the violation of R.S. 14:106(A)(1) is three years at hard labor, and that was the sentence imposed upon defendant.
Maximum sentences are to be reserved for the most egregious and blameworthy of offenders within a class. State v. Telsee, 425 So.2d 1251 (La.1983). Just how egregious or blameworthy defendant was, by any relative standard, the record does not reveal. The record contains no information about the defendant's background, his record of arrests and convictions, if any, or any other facts that might enlighten the sentencing choice. The record does not even tell us his age. Apparently no presentence investigation was made.
All that we know about this defendant (except for the facts of this case) is contained in the following terse remarks by the trial court at sentencing:
"The court knows Mr. Bias well. Mr. Bias has been in this sort of trouble to the extent that he has been in various public places, namely the Courthouse and the Jeff Davis Parish Library, where he has been a problem maker to some extent. Women, particularly women who *503 work in the Courthouse, have been afraid of him. There have been some instances of his behavior being below the norm, and the Court feels that those reasons are sufficient to order the removal of Mr. Bias from the general public and away from the general public for his protection as well as for the protection of others."
Article 894.1 requires that the sentencing court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence. The above quoted sentencing comments are not a sufficient compliance with the sentencing guidelines to permit us to exercise our responsibility for appellate review of excessiveness. This is especially so considering that defendant was given the maximum sentence allowed by law. In such a case there is a greater chance that the sentence is excessive than there would have been had the defendant been given a sentence in the lower range of the court's sentencing discretion.
For these reasons, the conviction is affirmed. The sentence of three years of imprisonment at hard labor in the custody of the Louisiana Department of Corrections is reversed and set aside, and the case is remanded for resentencing in accordance with law.
REVERSED AND REMANDED FOR RESENTENCING.