505 So.2d 245 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
Joseph Daniel BROOKS, Defendant-Appellant.
No. CR86-958.
Court of Appeal of Louisiana, Third Circuit.
April 8, 1987.
*246 David K. Balfour, Lafayette, for defendant-appellant.
Keith A. Stutes, Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before LABORDE, YELVERTON and CULPEPPER[*], JJ.
YELVERTON, Judge.
Joseph Daniel Brooks, was found guilty by a jury of aggravated burglary, a violation of La.R.S. 14:60, and sentenced to thirty years at hard labor. He appeals assigning four errors in his conviction, and one error in sentencing. We affirm both the conviction and the sentence.

FACTS
On an August morning in 1985 Mrs. Alzine Domingue was sitting in her kitchen having coffee when she heard a loud crash from outside the house. A short time later she heard someone in her front bedroom which she kept locked from the rest of the house because she rarely used that bedroom. She got a pistol that she kept for protection and went to the door to listen.
Hearing a scratching on the other side of the door as if someone was trying to pry it open, she placed the gun against the door where she thought the person would be, and fired once. After the shot no further sounds came from the room. She called the police.
Detective William Delahoussaye of the City of Lafayette responded to the call. At the scene he recovered a kitchen knife, which did not belong to Mrs. Domingue, from the front bedroom. He found that the screen to the bedroom window had been cut and the window had been broken. There was blood in the room and he took several blood samples.
While the police were at the scene a call came over the police radio that someone at University Medical Center was being treated for a gunshot wound. Officer Jimmy Smith was the first to arrive at the hospital. He asked the gunshot victim what had happened, and defendant replied that he had broken into the wrong house. Detective Delahoussaye was present when physicians removed a bullet and blood samples from defendant. The bullet was later identified as having been fired from Mrs. Domingue's pistol. The blood samples matched those taken from Mrs. Domingue's house.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Appellant claims the State failed to prove a continuous chain of custody, and therefore failed to establish a proper foundation for admission of the blood samples and the bullet in evidence.
Detective William Delahoussaye testified at trial that he was present when the bullet was removed from defendant's body. The attending physician handed him the bullet. He placed it in an evidence bag and later transported it to the Acadiana Crime Lab for analysis. At trial, he testified that the bullet being offered into evidence was the same bullet removed from defendant's body.
*247 Detective Delahoussaye also testified that he saw the attending physician extract blood samples from defendant. He was given the samples of blood in two tubes. He marked the tubes to indicate that they were samples of defendant's blood. He later transported the two samples to the Acadiana Crime Lab. Before transporting the blood samples to the lab, Detective Delahoussaye stored them in a refrigerator in his office for several days. He stated that it was physically possible for someone else to have gained access to the samples but that it was unlikely that anyone else would have handled the blood samples while they were in his refrigerator. Detective Delahoussaye testified that the blood samples offered into evidence were the same ones drawn by the physician attending defendant.
A continuous chain of custody is not essential to enable the State to introduce physical evidence as long as the evidence as a whole establishes that it is more probable than not that the object introduced was the same as the object originally taken into his possession by the officer. State v. Davis, 411 So.2d 434, 438 (La.1982); State v. Sharp, 414 So.2d 752 (La.1982). Lack of positive identification goes to the weight of the evidence rather than the admissibility. State v. Sharp, supra.
The testimony of Detective Delahoussaye establishes that it is more probable than not that the objects introduced, the bullet and the blood samples, were the same objects originally taken into his possession by Detective Delahoussaye. Any defect in the chain of custody would affect the weight of the evidence, not its admissibility. The trial court did not err in finding this evidence admissible.
In any event, even had it been error, finding the evidence admissible would have been a harmless one. These two items were used to show that defendant was the person who broke into the victim's house. The defendant admitted, during his testimony, that he did break into the victim's house. This evidence only corroborated something that the defendant confessed in open court.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 3
Appellant claims the trial court erred in admitting into evidence statements made by defendant to police, it being argued that the statements were not made freely and voluntarily due to defendant's intoxication. Appellant contends that at the time the statements were made he told the police that he had been drinking all night. He argues also that he was under the influence of some medication given him at the hospital.
Before a confession can be introduced into evidence, the state has the burden of proving that the confession was free and voluntary. La.R.S. 15:451. Where the free and voluntary nature of a confession is challenged on the ground that the accused was intoxicated at the time of interrogation, the confession will be rendered inadmissible only when the intoxication is of such a degree as to negate defendant's comprehension and to render him unconscious of the consequences of what he is saying. Whether intoxication exists and is of a degree sufficient to vitiate the voluntariness of the confession is in the first instance a question for the trial judge. His conclusions on the credibility and weight of the testimony relating to the voluntariness of a confession will not be overturned unless they are not supported by the evidence. State v. Robinson, 384 So.2d 332, 335 (La.1980).
In the instant case, Officer Jimmy Smith testified that he left the scene of the burglary and went to the University Medical Center where, he had been informed, someone was receiving treatment for a gunshot wound. The person receiving treatment was the defendant. Officer Smith testified that he read defendant his Miranda rights, that he did not smell any type of alcoholic beverage on defendant, and that defendant appeared to understand what they were talking about.
Officer DiBennedetto also spoke to defendant at the hospital and read him his *248 Miranda rights. The defendant indicated he understood and did not give the appearance of being drunk.
This evidence supports findings that the statements were free and voluntary, and that they were properly admitted.

ASSIGNMENT OF ERROR NO. 4
Appellant claims that the State failed to prove that he had the specific intent to commit a felony or theft, one of the elements of aggravated burglary.
The defendant relies on State v. Marcello, 385 So.2d 244 (La.1980) to support his contention that intent was never proved. In Marcello, defendant claimed he had entered the building to clean up before looking for work. His story was corroborated by a porter who observed him leaving the restroom, heard running water, and discovered that there was dirt in the lavatory when defendant left.
The defendant in the present case testified that he had been drinking with friends across the street from Mrs. Domingue's house. His story was that he passed out and woke up on Mrs. Domingue's front porch. He said he did not look for his key, but simply broke the window to get inside and never noticed he was at the wrong house. He went in the house to go to bed.
Defendant's story is not corroborated by any of his actions or any other evidence.
The test for sufficiency of the evidence is whether a rational trier of fact, when looking at the evidence in the light most favorable to the prosecution, could have found every element of the crime proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Where circumstantial evidence forms the basis for a conviction, every reasonable hypothesis of innocence must be excluded. La.R.S. 15:438; State v. Shapiro, 431 So.2d 372 (La.1983). Intent need not be proven as a fact, it may be inferred from the circumstances of the transaction. La.R.S. 15:445.
In the instant case, Alzine Domingue testified that she heard a loud crash while she was having her coffee that morning. She heard something moving around in her front bedroom which she had locked so that anyone in the room could not open the door. She heard something scratching at the door knob. She fired her pistol through the door where she thought the scratching was coming from. After she fired, she did not hear anything more and called the police. Mrs. Domingue also testified that before the burglary defendant knew her and knew she lived alone.
Detective Delahoussaye collected evidence at the scene and took photographs there. He found a kitchen knife in the front bedroom which did not belong to Mrs. Domingue. The photographs showed that the screen to the bedroom window had been cut. The photographs also showed that the window had been broken.
Officer Jimmy Smith saw defendant at the hospital. Smith testified that defendant told him he had broken into a house, got shot and realized he had broken into the wrong house. Defendant thought he had broken into his own house. Defendant, at the time he made the statement, did not appear intoxicated to Officer Smith. Defendant told Officer Smith that he had been drinking.
Officer Michael DiBennedetto also encountered defendant at the hospital. Defendant did not appear intoxicated to DiBennedetto. Defendant told this officer that he had been drinking with friends and passed out on someone's porch. He woke up, thought he was at his own house, and broke the window to get inside. Defendant told Officer DiBennedetto that he often broke a window to get into his house when he did not have his keys and was intoxicated.
Officer DiBennedetto testified that defendant's house is about three or four miles from the victim's. Photographs of defendant's house show that the appearances of the houses are not similar. The burglary occurred in the morning at August 31, 1985, and it was light at the time.
The trier of fact apparently found the defendant's story incredible. The determination of the credibility of the witnesses is for the trier of fact and should not be *249 reversed on appeal in the absence of manifest error. State v. Vessell, 450 So.2d 938 (La.1984); State v. Augustine, 482 So.2d 1063 (La.App. 3rd Cir.1986), writ denied, 487 So.2d 437 (La.1986). The jury could have found that defendant's story did not present a reasonable hypothesis of innocence. Defendant claimed he broke the window to get in to what he thought was his house, but he never checked for a key or to see if the door was unlocked. He also claimed he went in to go to bed; however, he passed up the bed in the bedroom and went to the door to the hall to try to enter the rest of the house. A rational trier of fact could find this an unreasonable hypothesis of innocence.
The jury can infer intent from the actions of the defendant. He broke in through a window after cutting a hole in the screen. He was scratching at the door to the hall trying to enter the rest of the house. He knew the victim and realized that she was an old woman who lived alone. He apparently had the knife in his hand when he was shot because he dropped it and left it at the scene. A rational trier of fact could infer that defendant had the intent to commit a felony or theft from the above circumstances.
This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 5
Appellant claims that thirty years at hard labor is excessive.
Conviction of aggravated burglary carries a penalty of imprisonment at hard labor for not less than one nor more than 30 years. La.R.S. 14:60. Defendant was given the maximum sentence.
Defendant has an impressive criminal record. There were charges pending against him at the time of this conviction of forcible rape, aggravated crime against nature, armed robbery, and aggravated burglary. At the time of the instant offense, he was on probation for possession of marijuana. The pre-sentence investigation also shows that defendant had twelve previous traffic violations. He was on probation for DWI, third offense, at the time he was arrested for this offense. He had previous arrests, without any disposition indicated, for negligent homicide, and two counts of simple battery. He had convictions of theft and two counts of disturbing the peace.
The trial judge is given wide discretion in the imposition of sentences within the statutory limits. Absent a manifest abuse of discretion, the sentence imposed by the trial judge should not be set aside as excessive. State v. Lanclos, 419 So.2d 475 (La. 1982). Maximum sentences are to be reserved for the most egregious and blameworthy of offenders within a class. State v. Walker, 476 So.2d 1158 (La.App. 3rd Cir.1985); State v. Bias, 461 So.2d 500 (La. App. 3rd Cir.1984).
Considering the particular circumstances of this crime, together with defendant's escalating criminal record, we cannot say that the trial court abused its discretion in imposing the maximum sentence.
The conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, Judge Ad Hoc.