FORET, Judge.
Defendant, Moses Jackson, was charged by bill of information with simple burglary *1278 in violation of La.R.S. 14:62. Following a jury trial, defendant was convicted of attempted simple burglary. The State filed a multiple offender bill and, following a hearing, defendant was sentenced to serve twelve years at hard labor. On appeal, defendant alleges four assignments. However, assignment of error No. 1 was not briefed and is therefore considered abandoned.
ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant contends his request for the trial transcript should have been granted. Without citing any relevant authority, defendant contends that this Court cannot properly review his sentence to determine if it is excessive without benefit of the trial transcript. The pre-sentence report, the multiple offender hearing transcript, and the sentencing transcript are contained in the record and should be sufficient to enable this Court to determine whether defendant’s sentence is excessive. Therefore, this assignment lacks merit.
ASSIGNMENT OF ERROR NO. 3
In this assignment, defendant contends that the sentence imposed should be vacated because the trial court failed to adequately apply La.C.Cr.P. art. 894.1. Prior to and in imposing sentence, the trial court stated:
“... in my opinion due to your prior convictions of simple burglary, simple burglary and it says simple burglary in ’75, simple burglary again in ’75, simple burglary again in ’77, aggravated escape in ’78, I deem it necessary to double the sentence that I could impose. “I therefore sentence you to be committed to the custody of the Louisiana Department of Corrections to serve at hard labor for a period of twelve years ...”.
It is clear that the trial court failed to articulate a factual basis for the sentence and apparently relied solely on defendant’s previous criminal history in sentencing him to the maximum under the habitual offender law. In State v. Bias, 461 So.2d 500 (La.App. 3 Cir.1984), this Court stated that when the maximum sentence is imposed there is a greater chance the sentence is excessive than if a sentence in the lower range had been imposed. Although the trial court failed to comply with Art. 894.1, remand is not required if the record clearly supports the sentencing choice. In this case the record, which contains a pre-sen-tence report, clearly supports the sentencing choice and, accordingly, remand is not necessary. We therefore find this assignment of error to be without merit.
ASSIGNMENT OF ERROR NO. 4
Defendant’s final contention is that his sentence is excessive. An appellate court, when reviewing an excessive sentence claim, must be mindful of the fact that wide discretion is granted to trial judges in the imposition of sentences within statutory limits, and a sentence will not be set aside as excessive absent manifest abuse of discretion. The pre-sentence report provides facts regarding defendant’s instant offense. While John Clark was serving as a lookout, defendant tore the tin from a building occupied by Huber Oil Company, entered the building, and stole oil. Defendant’s statement indicates five cases of oil were taken, while the office manager of Huber Oil Co. indicated one case of oil was taken during the burglary. Defendant’s criminal history is also detailed in the pre-sentence report. Since 1975, defendant has been arrested five times for simple burglary and three of those arrests resulted in convictions. In 1978, defendant was arrested for aggravated crime against nature and simple rape. However, there has been no disposition of these charges. A 1978 arrest for aggravated escape resulted in a conviction for which defendant was sentenced to serve five years at hard labor. Defendant’s arrest record indicates his inability to refrain from criminal activity, particularly burglaries.
An application of the Art. 894.1 factors to the instant case, based on the pre-sen-tence report, indicates the record clearly supports the sentence imposed. Defendant’s conduct did not cause or threaten *1279 serious harm. There was no provocation or grounds justifying defendant’s conduct. The victim of the crime was Huber Oil Company and, therefore, facilitation of the crime by the victim is inapplicable. Defendant’s repeated involvement in criminal activity was discussed above. Everything points to a great likelihood that defendant’s criminal conduct will be repeated. The pre-sentence report indicates defendant has not been married; therefore, imprisonment will not entail excessive hardship on him or his dependents. The pre-sentence report also indicates defendant, a 31-year-old male, has never secured full-time employment. The circumstances of this case justify the trial court’s imposition of the maximum sentence. Therefore, this assignment of error lacks merit.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.