597 So.2d 1230 (1992)
STATE of Louisiana
v.
Russell FANN.
No. CR91-766.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
*1231 Allen R. Ingram, Lafayette, for defendant-appellant.
Calvin Woodruff, Asst. Dist. Atty., J. Nathan Stansbury, Dist. Atty., Abbeville, for plaintiff-appellee.
Before DOMENGEAUX, C.J., LABORDE, J., and PATIN[*], J. Pro Tem.
JOHN A. PATIN, Judge Pro Tem.
Russell Fann was charged by bill of information with distribution of cocaine. La. R.S. 40:967(A)(1). Following a bench trial he was found guilty as charged and sentenced to serve ten years at hard labor, with five years suspended and a thirty day delay in execution of the sentence. Defendant now appeals the conviction and sentence assigning as errors (1) the admission of the contraband into evidence without proof of proper chain of custody and (2) lack of sufficient evidence to support the conviction.
Frank Breaux, an informant, was contacted by the defendant, Russell Fann, on July 14, 1987, concerning the distribution of illegal drugs. In turn, Breaux contacted Sergeant Mike Couvillon of the Vermilion Parish Sheriff's Office and a "buy" transaction was arranged between Breaux and the defendant.
Breaux met with law enforcement personnel at the Travel Lodge in Abbeville, Louisiana. Sergeant Mike Couvillon was present along with Lieutenant Danny David from the Iberia Parish Sheriff's Office and Sergeant Randy Camel of the Vermilion Parish Sheriff's Office. The transaction *1232 was discussed and Sergeant Couvillon conducted a strip search of Breaux's person and also searched his car, a 1979 Buick Electra. Lieutenant David was present when the searches were conducted. Breaux was then fitted with a box-type transmitting device. Before leaving the Travel Lodge Motel Room, Breaux placed a call to the defendant at his place of business, J & R Marine. This call was recorded. Breaux was then given eighteen hundred dollars with which to purchase one ounce of cocaine from the defendant.
Breaux proceeded to J & R Marine, the defendant's business, to make the purchase. The business was under surveillance by Steve Menard from the Iberia Parish Sheriff's Office and Mike Trahan from the Vermilion Parish Sheriff's Office. Linda Copell, an Iberia Parish Sheriff's Deputy, was inside the business under the pretense of having a trolling motor repaired. Copell confirmed that Breaux did meet with the defendant. Breaux arrived at J & R Marine at approximately 2:00 p.m. and spoke with Roger, an employee. Roger took Breaux to the shop in the back of the building where the defendant was working. Linda Copell was there also. After the defendant loaded Copell's trolling motor into her car, she left, and the defendant and Breaux went to the storeroom and waited for Roger to return. When Roger returned, the three men went into the office where a fourth man was repairing a rubber life raft.
Breaux counted the money, eighteen one-hundred dollar bills, and gave them to the defendant. At this point the defendant instructed Roger to "go ahead and get the stuff." Roger went to a parts bin and retrieved a clear plastic bag which contained a large white rock. The defendant opened the bag and looked inside and suggested doing "a little bit". Breaux refused, took the bag containing the cocaine from the defendant and left. However, before Breaux left the defendant suggested a one kilogram deal for a price of $25,000 to $28,000.
After leaving the defendant, Breaux proceeded to Mouton CoveSeventh Ward School to meet with the officers. The cocaine was given to Lieutenant Danny David. David in turn transferred the contraband to Sergeant Couvillon. The substance was field tested and the result indicated the presence of cocaine.
The substance was ultimately taken to the crime laboratory where it was analyzed by David Epstein, a forensic chemist. Epstein performed a microchemical test and a gas chromatograph mass spectrometer test on the substance and found it contained cocaine.
There exists an error patent with regard to the sentence imposed by the judge. Although the judge suspended a portion of the sentence, no probation was ordered. La.C.Cr.P. art. 893 provides in pertinent part:
A. When it appears that the best interest of the public and of the defendant will be served, the court after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation and parole. The court shall not suspend the sentence of a second conviction unless the court finds that such offense did not involve the use of a dangerous weapon by the defendant, the offense occurred at least five years after the date of first conviction, and the defendant was not charged with any other felony since the date of first conviction. The period of probation shall be specified and shall not be less than one year nor more than five years. The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal.
Official Revision Comment b provides with respect to Art. 893: "A primary function of suspended sentence is lost if it is not safeguarded by the conditions and supervision which probation entails. This article is more specific and clearly makes probation mandatory".
*1233 In the instant case, the judge suspended one-half of the total sentence imposed, yet failed to provide for probation as required by La.C.Cr.P. art. 893. A suspension of sentence under Article 893 necessitates the imposition of probation. Therefore, the sentence should be vacated and the case remanded for resentencing pursuant to La. C.Cr.P. art. 893.
The defendant contends the trial court erred in allowing the state to introduce into evidence the alleged contraband, i.e., cocaine, without a showing of a proper chain of custody and in denying defendant's motion for new trial.
Defendant alleges the prosecutor failed to give proper notice of intent to introduce the certificate of analysis to defense counsel as required by La.R.S. 15:501. No certificate was introduced at trial, although the state introduced the record of transmittal from the criminal laboratory. The state instead chose to identify the contraband by testimony of the chemist who performed the analysis. The requirement of La.R.S. 15:501 to give notice is operative only when a certificate is used in lieu of the testimony of the preparer of the lab certificate. State v. King, 471 So.2d 1181 (La.App. 3d Cir.1985). In this case testimony was heard from the analyst who analyzed the contraband, and no certificate was introduced; therefore, no notice was required. Because there was no certificate introduced the contraband was not self proving as the judge concluded; however, the contraband was properly admitted after proof of proper chain of custody was made, as discussed below.
This court set forth the criteria for admission of demonstrative evidence in State v. King, supra, as follows:
To admit demonstrative evidence at trial, the law requires that the object be identified either by in-court identification or by chain of custody. State v. Paster, 373 So.2d 170 (La.1979); State v. Drew, 360 So.2d 500 (La.1978). A sufficient foundation has been laid for the admission of demonstrative evidence if it has been established that it is more probable than not that the object is the one connected with the case. State v. Smith, 430 So.2d 31 (La.1983). Ultimately, connexity of evidence is a factual matter for determination by the trier-of-fact. State v. Vaughn, 431 So.2d 763 (La.1983).
A continuous chain of custody is not essential, provided the evidence as a whole establishes that it is more probable than not that the object introduced was the same as the object which was originally seized. State v. Simon, 544 So.2d 610 (La. App. 3d Cir.1989); State v. Wilson, 517 So.2d 865 (La.App. 3d Cir.1987). Any defect in the chain of custody goes to the weight of the evidence and not its admissibility. State v. Brooks, 505 So.2d 245 (La. App. 3d Cir.1987); State v. Wilson, supra.
Testimony elicited at trial showed that after purchasing the cocaine, the informant proceeded to the Mouton CoveSeventh Ward School and turned the evidence over to Lieutenant David who in turn transferred the contraband to Sergeant Couvillon. Sergeant Couvillon transported the evidence to the Vermilion Parish Law Enforcement Center where he placed it in an evidence envelope with his initials and the date printed on it and locked it in his desk drawer. Couvillon also filled out a chain of possession card. The evidence was then transferred to Sergeant Harrington, the Evidence Custodian, on July 23, 1987, at 10:55 a.m. Harrington took the evidence to the crime laboratory in New Iberia where it was received by Dean Lancon. David Epstein, the chemist who analyzed the evidence, testified concerning custody within the laboratory. The evidence was received, assigned a number and placed in an evidence vault. When ready to test, Epstein retrieved the evidence from the vault. Once testing was completed, the evidence was resealed and returned to the vault. After analysis, Sergeant Harrington picked the evidence up from the crime laboratory on October 30, 1987. The evidence was then stored by Harrington in a hard evidence room, to which only he held a key, until it was released for use at trial on the morning of trial.
The only missing link in the chain of custody occurred when Dean Lancon, the *1234 criminal laboratory receptionist, did not testify concerning receipt of the evidence by the crime laboratory. However, this does not affect the admissibility of the evidence. The informant, the two officers who conducted the operation, the Sheriff's Department Evidence Custodian and the chemist who analyzed the substance identified the evidence and testified as to the chain of custody. The supreme court has held identification of evidence by two undercover officers and a chemist coupled with the testimony of the officer who purchased the drug, the officer who transported it to the lab and the chemist who analyzed it was sufficient to establish more probably than not that the evidence at trial was the same as was seized. State v. Sharp, 414 So.2d 752 (La.1982); State v. Gordy, 380 So.2d 1347 (La.1980). Likewise, the testimony presented in the instant case establishes more probably than not the cocaine introduced into evidence was the same as that purchased by the informant from the defendant.
Thus, the trial court did not err in allowing the state to introduce the evidence.
Because the ruling of the trial court complained about by the defendant was not erroneous, there existed no grounds for granting the defendant's motion for new trial. The defendant's motion for new trial was properly denied.
Accordingly, this assignment of error is without merit.
Defendant contends there was insufficient evidence to support the judgment of conviction rendered by the trial court.
When the issue of sufficiency of the evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559, 563 (La.1983). It is the role of the fact finder to weigh the respective credibilities of the witnesses, and therefore the appellate court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La.1983).
In order to uphold a conviction, the state must prove the essential elements of the offense beyond a reasonable doubt. La. R.S. 40:967(A)(1) provides:
A. Manufacture; distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II;
The transaction was taped by video and audio. Defendant contends the evidence is insufficient because the tapes are inaudible and cannot serve as sufficient proof of the offense. While it is true portions of the tape are inaudible; the portion of conversation concerning a one kilogram deal is audible and confirms that portion of the testimony of the informant. Further, those portions of the tape that are audible do not contradict the testimony of the state's witnesses. The evidence introduced at trial is sufficient to prove each element of the offense of distribution of cocaine. The state's witnesses' testimony is sufficient to prove each element without the necessity of the use of the tapes.
Defendant further contends the informant's testimony is incredible and was impeached by the testimony of Brent Goodyear. Goodyear testified that the informant told him some time after the transaction in question that he did not purchase drugs from the defendant. Thus, the outcome of the case rested on the credibility of the witnesses.
When the above evidence is viewed in the light most favorable to the prosecution, it is clear the defendant's conviction must stand. The outcome of this case hinged directly upon the judge's determination of witness credibility. The question of credibility *1235 is within the sound discretion of the trier of fact. His factual determinations are entitled to great weight and will not be disturbed unless contrary to the evidence. State v. Klar, 400 So.2d 610 (La.1981) citing State v. Cobbs, 350 So.2d 168 (La.1977). In this instance the judge determined that the state's witnesses were more credible than those presented by the defense. There is nothing in the record to suggest that the judge's determination of credibility in this case was contrary to the evidence, particularly in light of the Jackson standard of review. A rational trier of fact could have found beyond a reasonable doubt that Russell Fann did distribute cocaine in violation of La.R.S. 40:967(A)(1).
Accordingly, this assignment of error is without merit.
Defendant's conviction is affirmed. However, due to the error patent with respect to the sentence imposed, the sentence is vacated and the case remanded for resentencing in accordance with La.C.Cr.P. art. 893.
AFFIRMED in part and REMANDED in part.
NOTES
[*] Judge John A. Patin, retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.