684 So.2d 52 (1996)
STATE of Louisiana, Appellee,
v.
Jose RAMIREZ, Defendant-Appellant.
No. 96-302.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1996.
*53 Bernard E. Boudreaux, Jr., Dist. Atty., Randall P. Serrett, Asst. Dist. Atty., for State.
Kim Michael Kidd, Franklin, for Jose Ramirez.
Before DOUCET, C.J., and SAUNDERS and AMY, JJ.
DOUCET, Chief Judge.
Defendant was charged with possession of cocaine in excess of 400 grams, in violation of La.R.S. 40:967 F. On December 7, 1993, defendant withdrew his former plea of not guilty and entered a plea of guilty to possession of cocaine with the intent to distribute. The State dismissed the charges of driving left of center and following too close. The trial judge fully Boykinized defendant and informed him of the possible penalties. On March 30, 1994, defendant was sentenced to twenty (20) years at hard labor. The trial judge suspended all but thirteen (13) years of the sentence. The thirteen (13) year sentence was conditioned on defendant's reporting within ten (10) days. On April 14, 1994, defendant filed a motion to reconsider sentence which was denied by the trial court on December 1, 1995. Defendant filed and was granted an out-of-time appeal on March 12, 1996. Defendant now seeks review by this court alleging two assignments of error, both pertaining to his sentence.

FACTS:
On March 30, 1993, defendant was stopped for a traffic violation on Interstate 10 by Trooper Travis Savoy. A consent to search was obtained and the drug dog Zeke "alerted" on the gas tank of defendant's vehicle. The search of the gas tank revealed nine packages of cocaine weighing a total of approximately eight point three (8.3) pounds.

ERRORS PATENT:
La.Code Crim.P. art. 920 provides the scope of review on appeal, as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings *54 without inspection of the evidence.
A review of the record reveals several errors patent.
The first error patent concerns the form of the indictment. The bill of information contained the citation, La.R.S. 40:967 F(c), an incorrect citation for possession of 400 grams or more of cocaine. The bill of information should have read La.R.S. 40:967 F(1)(c). Nevertheless, error in the statutory citation shall not be grounds for dismissal of an indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. La.Code Crim.P. art. 464. In State v. Camou, 633 So.2d 357, 358 (La.App. 1 Cir.1993), the court stated, "the defendant did not object to this erroneous statutory citation, nor did he express any doubt as to the nature of the charge against him. The defendant was not mislead by this erroneous statutory citation and, therefore, this error patent is not reversible." In the present case, defendant did not object nor express any doubt as to the nature of the charge against him. In fact, defendant pled guilty to possession of cocaine with intent to distribute, in violation of La.R.S. 40:967 A. Therefore, we conclude defendant was not mislead by the misstating of the statutory citation.
The second error patent concerns the legality of the sentence imposed by the trial judge. Although a trial court is permitted to suspend imposition of a sentence under La.Code Crim.P. art. 893, when it does so it must place the defendant on probation. Failure to do so results in an illegal sentence. An illegal sentence is correctable at any time, whereas an illegally lenient sentence may be corrected only if raised by the defendant or the State. In State v. Willis, 95-316 (La. App. 3 Cir. 10/4/95); 663 So.2d 392, this court recognized as error patent the illegality of the sentence, even though the defendant only complained about the excessiveness of the sentence, not its illegality:
Louisiana Code of Criminal Procedure Article 893 allows a trial judge to suspend imposition or execution of a sentence after a first or second conviction for a noncapital felony, but defendant must be placed on probation. The record shows Willis was not placed on probation as required by Louisiana Code of Criminal Procedure Article 893. The mandatory probation requirement of this provision compels that we must vacate Willis' sentence and remand the case for resentencing pursuant to Louisiana Code of Criminal Procedure Article 893. See State v. Fann, 597 So.2d 1230 (La.App. 3 Cir.1992).
In so holding, this court concluded the failure to place the defendant on probation made the sentence illegal and not illegally lenient. In this case neither party complained. However, in recognizing this patent error, we find the sentence imposed in this case, like the one imposed in Willis, to be illegal rather than illegally lenient. The trial judge suspended a portion of the sentence, but did not place defendant on probation as required by statute.
In the case sub judice, the trial judge sentenced defendant to twenty (20) years at hard labor and suspended all but thirteen (13) years of the sentence. The thirteen (13) year sentence was also conditioned on defendant's reporting within ten (10) days. When suspending the sentence imposed, the trial judge failed to provide for probation as required by La.Code Crim.P. art. 893. Therefore, the sentence must be vacated and the case remanded for resentencing pursuant to La.Code Crim.P. art. 893.
The third patent error we discovered was the trial court's failure to give defendant credit for time served. La.Code Crim.P. art. 880 provides that when imposing sentence, the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record indicates the trial court did not do so. Thus, we would ordinarily amend the sentence to reflect that the defendant is given credit for time served prior to the execution of the sentence. See La.Code Crim.P. art. 882 A. However, since the defendant must be resentenced, the trial court can correct this deficiency at that time.
The fourth and final error patent concerns La.Code Crim.P. art. 930.8, which provides that at the time of sentencing the trial *55 court shall inform the defendant of the prescriptive period for post-conviction relief. In State v. Green, 94-617, pp. 8-9 (La.App. 3 Cir. 12/7/94); 647 So.2d 536, 541, this court stated:
The minutes reflect that the trial judge informed the defendant of the three year prescriptive period for filing post-conviction relief at the time of the guilty plea rather than at the time of sentencing as required by La.C.Cr.P. Art. 930.8. The three year prescriptive period does not begin to run until the judgment is final under either La.C.Cr.P. Art. 914 or Art. 922, so prescription is not yet running. Apparently, the purpose of this notice is to inform the defendant of the prescriptive period in advance. We find that the notice defendant received at the time of his guilty plea is sufficient; however, out of an abundance of caution, we will nonetheless ask that the district court inform the defendant of La.C.Cr.P. Art. 930.8 by sending appropriate written notice within 10 days of the rendition of this opinion and file written proof that the defendant received notice in the record of these proceedings.
The defendant in Green pled guilty on October 20, 1993, and was sentenced on February 16, 1994. Since Green, the Louisiana Supreme Court has held the trial court's failure to notify the defendant at the time of sentencing of the prescriptive period for filing a post-conviction relief application did not bestow an enforceable right upon the defendant. See State ex rel. Glover v. State of Louisiana, 93-2330 (La. 9/5/95); 660 So.2d 1189. Thus, this court need not recognize the trial court's failure to provide the 930.8 notice at sentencing when, as here, defendant was informed of the prescriptive period at the time of the guilty plea. In any event, since defendant must be resentenced, the trial judge can, once again, advise him of this limitation.

ASSIGNMENTS OF ERROR NOS. 1 and 2:
By defendant's first assignment of error, he argues the trial court erred by failing to take into consideration any mitigating factors pursuant to the sentencing guidelines and sentenced him to a term of imprisonment far exceeding the terms as listed in the sentencing guidelines. By defendant's second assignment of error, he argues the trial court erred in sentencing him to a term of imprisonment of twenty (20) years at hard labor, as such was an excessive sentence, which is cruel and unusual pursuant to the United States and Louisiana Constitutions.
The error patent concerning defendant's sentence pretermits discussion of defendant's assignments of error. See State v. Willis, 95-316 (La.App. 3 Cir. 10/4/95); 663 So.2d 392.

CONCLUSION:
Defendant's conviction is affirmed. However, due to the error patent with respect to the sentence imposed, the sentence is vacated and the case remanded for resentencing in accordance with La.Code Crim.P. art. 893. Additionally, the district court is directed to, at defendant's resentencing, give defendant credit for time served as required by La. Code Crim.P. art. 880 and, in an over abundance of caution, to once again advise defendant of the three year prescriptive period in which to file for post conviction relief.

CONVICTION AFFIRMED; SENTENCE VACATED; AND CASE REMANDED.