# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-271

## STATE IN THE INTEREST OF S.M.

**********

APPEAL FROM THE
JEANERETTE CITY COURT
PARISH OF IBERIA, DOCKET NO. 2684
HONORABLE CAMERON B. SIMMONS, JUDGE

**********

## SYLVIA R. COOKS
## JUDGE

**********

Court composed of Sylvia R. Cooks, J. David Painter, and James T. Genovese, Judges.

**ADJUDICATION AFFIRMED; DISPOSITION VACATED AND REMANDED**.

Annette Roach
Louisiana Appellate Project
P.O. Box 1747
Lake Charles, LA 70602-1747
(337) 436-2900
COUNSEL FOR JUVENILE/APPELLANT:
        S.M.

Walter J. Senette
City of Jeanerette Prosecutor
P.O. Box 268
Jeanerette, LA 70544
COUNSEL FOR APPELLEE:
        State of Louisiana

**COOKS, Judge.**

The juvenile, S.M., along with two other juveniles, entered a residence in Jeanerette, Louisiana, and while inside, stole firearms. A Petition of Delinquency was filed, charging S.M. with simple burglary, a violation of La.R.S. 14:62; theft of a firearm, a violation of La.R.S. 14:67.15; and possession of stolen firearms, a violation of La.R.S. 14:69.1. S.M. appeared to answer the petition and entered a denial to the charges. An adjudication hearing was held. S.M. admitted to the simple burglary charge. In exchange, the other two charges were dismissed by the State.

A disposition hearing was held, and the trial court placed S.M. in the custody of the Office of Juvenile Justice for two years, on a non-secure basis, with one year suspended. The city court judge ordered that during the non-secure custody, the juvenile be placed in a non-secure group home. S.M.'s attorney filed a motion seeking reconsideration of the disposition, which was denied.

On appeal, S.M. asserts one assignment of error, alleging excessive disposition. However, finding an illegal disposition was imposed, this assignment of error is rendered moot.

## ANALYSIS

Although the Louisiana Children's Code is silent as to whether a juvenile criminal proceeding is entitled to an error patent review, this court has found such a review is mandated by La.Ch.Code art. 104 and La.Code Crim.P. art. 920. *See State in the Interest of J.C.G.*, 97-1044 (La.App. 3 Cir. 2/4/98), 706 So.2d 1081. After reviewing the record, we find the court imposed an illegal disposition. Accordingly, we vacate the disposition and remand the matter to the lower court for a new disposition.

Louisiana Children's Code Article 901(B) requires a court to impose the least

restrictive disposition possible considering the "circumstances of the case, the needs of the child, and the best interest of society." *See State v. C.K.*, 05-475 (La.App. 5 Cir. 1/17/06), 922 So.2d 616; *see also State in the Interest of A.M.*, 07-1228 (La.App. 4 Cir. 4/9/08), 983 So.2d 176.

The city court judge erred in failing to order probation since he suspended a portion of the disposition. There are no reported juvenile cases directly on point, so we look to the Criminal Code for guidance. *See Johnson v. Escude,* 07-801 (La.App. 3 Cir. 12/5/07), 971 So.2d 529. Louisiana Code of Criminal Procedure Article 893, regarding suspending whole or part of a sentence and placing the defendant on probation, uses similar language as Article 897 (E) of the Children's Code. Louisiana Code of Criminal Procedure Article 893 (emphasis added) provides in pertinent part:

> When it appears that the best interest of the public and of the defendant will be served, the court, after a first or second conviction of a noncapital felony, *may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation* under the supervision of the division of probation and parole.

In *State v. Ramirez,* 96-302 (La.App. 3 Cir. 11/6/96), 684 So.2d 52, this court found La.Code Crim.P. art. 893 required the trial court to place a defendant on probation when it suspends all or part of a sentence. This court recognized the trial court's failure to order probation as an error patent, stating in pertinent part:

> The second error patent concerns the legality of the sentence imposed by the trial judge. Although a trial court is permitted to suspend imposition of a sentence under La.Code Crim.P. art. 893, when it does so it must place the defendant on probation. Failure to do so results in an illegal sentence. An illegal sentence is correctable at any time, whereas an illegally lenient sentence may be corrected only if raised by the defendant or the State. In *State v. Willis*, 95-316 (La.App. 3 Cir. 10/4/95); 663 So.2d 392, this court recognized as error patent the illegality of the sentence, even though the defendant only complained

-2-

about the excessiveness of the sentence, not its illegality:

> Louisiana Code of Criminal Procedure Article 893 allows a trial judge to suspend imposition or execution of a sentence after a first or second conviction for a noncapital felony, *but defendant must be placed on probation*. The record shows *Willis* was not placed on probation as required by Louisiana Code of Criminal Procedure Article 893. The mandatory probation requirement of this provision compels that we must vacate Willis' sentence and remand the case for resentencing pursuant to Louisiana Code of Criminal Procedure Article 893. See *State v. Fann*, 597 So.2d 1230 (La.App. 3 Cir.1992).
>
> In so holding, this court concluded the failure to place the defendant on probation made the sentence illegal and not illegally lenient. In this case neither party complained. However, in recognizing this patent error, we find the sentence imposed in this case, like the one imposed in *Willis*, to be illegal rather than illegally lenient. The trial judge suspended a portion of the sentence, but did not place defendant on probation as required by statute.
>
> In the case *sub judice*, the trial judge sentenced defendant to twenty (20) years at hard labor and suspended all but thirteen (13) years of the sentence. The thirteen (13) year sentence was also conditioned on defendant's reporting within ten (10) days. When suspending the sentence imposed, the trial judge failed to provide for probation as required by La.Code Crim.P. art. 893. Therefore, the sentence must be vacated and the case remanded for resentencing pursuant to La.Code Crim.P. art. 893.

*Id*. at 54.

In this case, the city court judge referred to probation stating, "If he is released on probation upon completion of that program, it is going to be supervised probation . . . ." Imposition of probation in the future is an option for the city court judge since a juvenile's disposition can be modified at any time pursuant to La.Ch.Code art. 909. However, when the city court judge suspended a portion of S.M.'s disposition, section (E) of Article 897 of the Children's Code was triggered, requiring the city

court judge to order probation as part of the current disposition.  Thus, finding the city court judge imposed an illegal disposition, we vacate the disposition and remand for a new disposition.

**ADJUDICATION AFFIRMED; DISPOSITION VACATED AND REMANDED**.