NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-747

STATE OF LOUISIANA

VERSUS

SCOTT ROBERT SWANK

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 16-250542
HONORABLE ANTHONY THIBODEAUX, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
CHIEF JUDGE

**********

Court composed of Elizabeth A. Pickett, Sharon Darville Wilson, and Charles G. Fitzgerald, Judges.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

M. Bofill Duhé
Sixteenth Judicial District Attorney's Office
W. Claire Howington
Assistant District Attorney
300 Iberia Street, Suite 200
New Iberia, LA 70560
(337) 369-4420
COUNSEL FOR APPELLEE:
      State of Louisiana

**John Kevin Stockstill**
**Attorney at Law**
**300 Stewart Street**
**Lafayette, LA 70501**
**(337) 232-7240**
**COUNSEL FOR DEFENDANT- APPELLANT:**
    **Scott Robert Swank**

**Katherine G. Guillot**
**Attorney At Law**
**412 Travis Street, Suite 210**
**Lafayette, LA 70503**
**(337) 344-3384**
**COUNSEL FOR DEFENDANT- APPELLANT:**
    **Scott Robert Swank**

**PICKETT, Chief Judge.**

## FACTS

The defendant, Scott Robert Swank, pled guilty to one count of negligent homicide in accordance with a plea agreement. The following factual basis was presented by the state at the defendant's guilty plea:

On Sunday, August 14, 2016, at approximately 1009 hours, Trooper Abner Williamson was dispatched to assist with a two-vehicle crash with injuries on I-10 eastbound on the basin bridge in St. Martin Parish. The crash was investigated, turned into a fatality investigation shortly after he arrived on scene. There were two other individuals injured in Vehicle 2. Vehicle 1 in the crash was a gray Dodge 2500, and Vehicle 2 was a maroon Honda van. Vehicle 1 was traveling east on I-10 in the left lane. Vehicle 2 was traveling east on I-10 in the right lane of travel adjacent to Vehicle 1. Vehicle 1, that vehicle driven by Mr. Scott Swank, crossed the center line and entered Vehicle 2's lane of travel. Vehicle 1 struck Vehicle 2 and then re-entered the left lane of travel and exited the roadway on the north shoulder. After exiting the roadway on the north shoulder, Vehicle 1 made a second impact with the bridge rail. Vehicle 1 then came to a controlled rest on the south shoulder of the roadway. Trooper Alexander arrived on scene to attempt to clear the roadway.

Upon Officer Williamson—Officer Abner Williamson approaching the scene, he met with the driver of Vehicle 1, that being Mr. Scott Swank, and he observed that he had unsure balance, red watery eyes, and slow slurred speech. Mr. Swank was behaving in a very odd manner and very slow and sluggish. Trooper Williamson asked Mr. Swank if he was on any medication, and he advised that he takes several medications, including muscle relaxers and OxyContin. Trooper Williamson asked Mr. Swank if he would perform three standardized field sobriety tests. Mr. Swank advised that he would perform the tests. Mr. Swank did not perform the test properly. Mr. Swank was advised of his rights per *Miranda* and placed under arrest. Mr. Swank was searched incident to arrest and placed in the patrol unit.

And as a result, there was a blood draw in this case.

As noted in the state's brief, a State Police Drug Recognition Expert performed an evaluation on the defendant and reported that he was "impaired by narcotic analgesics and CNS Depressants."

On July 21, 2017, the defendant was charged by bill of information with one count of vehicular homicide while under the influence of a controlled dangerous substance, a violation of La.R.S. 14:32.1(A)(3), and two counts of first degree vehicular negligent injuring, violations of La.R.S. 14:39.2. The bill was amended on February 16, 2022, to properly reflect the defendant's name and to amend count one to negligent homicide, a violation of La.R.S. 14:32, in accordance with a plea agreement. The defendant withdrew his previous plea of not guilty and entered a plea of guilty to one count of negligent homicide. The state nolle prossed the remaining charges. The trial court accepted the defendant's guilty plea, acknowledging that the defendant pled to a cap of five years at hard labor.

After a sentencing hearing on May 27, 2022, the trial court sentenced the defendant to five years at hard labor with all but one year suspended. On June 24, 2022, the defendant filed a Motion to Reconsider Sentence, arguing the sentence was excessive. On June 27, 2022, the motion was denied without a hearing. The trial court granted the defendant an appeal on July 19, 2022.

## ASSIGNMENTS OF ERROR

The defendant asserts two assignments of error:

1. The Trial Court erred in failing to give greater weight to the mitigating factors which were present in this case including those set forth in Louisiana Code of Criminal Procedure article 894.1.

2. The trial court's imposition of a sentence of one year at hard labor for the crime of negligent homicide was excessive and constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Article 1, Section 20 of the Constitution to the United States as the offense of negligent homicide statutorily requires "criminal negligence" and such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances.

2

# ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is an error patent that requires the sentence be vacated and the case remanded for resentencing.

The trial court sentenced the defendant to five years at hard labor, with all but one year suspended. The trial court failed to place the defendant on probation and failed to specify the number of years he was to serve on probation, as required by La.Code Crim.P. art. 893. At the time the defendant committed the offense, La.Code Crim.P. art. 893 (emphasis added) provided, in pertinent part:

> A. When it appears that the best interest of the public and of the defendant will be served, the court, after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, *and in either or both cases place the defendant on probation under the supervision of the division of probation and parole. . . . The period of probation shall be specified and shall not be less than one year nor more than five years.*

In *State v. Billiot*, 13-1192 (La.App. 3 Cir. 5/7/14) (2014 WL 1802995) (unpublished case), the trial court suspended a portion of Billiot's sentence for second degree kidnapping without placing him on probation. This court vacated the sentence and remanded the case for resentencing pursuant to La.Code Crim.P. art. 893. *Id.* (citing *State v. Willis*, 95-316 (La.App. 3 Cir. 10/4/95), 663 So.2d 392 and *State v. Fann*, 597 So.2d 1230 (La.App. 3 Cir. 1992)). Likewise, we find the defendant's sentence must be vacated and the case remanded to the trial court for resentencing in accordance with La.R.S. 14:32 and La.Code Crim.P. art. 893.

## ASSIGNMENTS OF ERROR

In his only two assignments of error, the defendant challenges the sentence imposed. Since the sentence must be vacated because of an error patent, these assignments of error is moot.

We note that in its brief, the state asserts La.Code Crim.P. art. 881.2 precludes the defendant from seeking review of his sentence as it was imposed pursuant to a plea agreement. Even if the defendant is precluded from seeking review of his sentence, an illegal sentence may be corrected at any time. La.Code Crim.P. art. 882.

## CONCLUSION

The defendant's sentence is vacated and the case remanded for resentencing in accordance with La.R.S. 14:32 and La.Code Crim.P. art. 893.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.